RECEIPT #
AMOUNT $ 250
SUMMONS ISSUED Y-S
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 3-10-05

FILED
CLERKS OFFICE
2005 MAR 10 P 3:39
U.S. DISTRICT COURT
DISTRICT OF MASS

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*****************************************

UNI-CON FLOORS, INC.
Plaintiff *

v. *

MASSACHUSETTS BRICKLAYERS, AND ALLIED CRAFTSMAN UNION, LOCAL 3,
Defendant *

*****************************************

Civil Action No. ____________

05-10463 NG

## COMPLAINT

### COUNT I

MAGISTRATE JUDGE [signature]

1. This action to vacate an arbitration award. Jurisdiction is conferred on the court by virtue of Section 301 of the Labor-Management Relations Act of 1947 (29 USCA §185), herein referred to as "the Act."

2. Plaintiff, Uni-Con Floors, Inc. (hereinafter referred to as the "Company") is a Massachusetts corporation with offices located at 2237 South Main Street, Fall River, Massachusetts 02723. The Company is engaged primarily in the installation of flooring in commercial and/or public buildings, which is an industry affecting commerce as defined in the Labor Management Relations Act, 1947 (Act of June 23, 1947, c. 120, 61 Stats. 137, 29 U.S.C. Sections 141-197, as amended, hereinafter referred to as the "Act").

3. Defendant Massachusetts Bricklayers and Allied Craftsman-Union Local 3 (hereinafter referred to as the "Union") is a labor organization representing employees in an industry affecting commerce as defined in the Act, the current mailing address of which is 550 Medford Street, Charleston, Massachusetts.

4. The jurisdiction of this Court over this action arises under Section 301 of the Labor Management Relations Act, 1947 (Act of June 23, 1947, c. 120, Title III, Section 301, 61 Stats. 156, 29 U.S.C. Section 185, as amended), and 28 U.S. C. Sections 1331 and 1367. The

Company further seeks a declaration of rights in accordance with the Declaratory Judgment Act, 28 U.S.C. Section 2201(a).

5. The Company and the Union are parties to a collective bargaining agreement dated January 1, 2003, which by its terms continues in full force and effect through the date hereof (herein called the "Agreement").

6 Article XV of the Agreement contains the agreement of the Union and the Company to resolved "any dispute through a Plan of Arbitration and that the Board of Arbitration shall not have the power to add to, subtract from or modify any terms of the Agreement."

7. The Union filed a grievance concerning the Company and American Floor Covering, Inc. (which was not a party to the Agreement.) nor to the subsequent arbitration.

8. On January 25, 2005, the Arbitrator Board sustained the grievance in an Award (the "Award"), a copy of which is attached hereto as Exhibit "A".

9. The Company, through its counsel, received notice of the Award on or about February 10, 2005, (see attached Exhibit "B" cover letter dated February 8, 2005, enclosing a copy of the Award Answer).

10. Under the Award, the Arbitration Board found:

A. That no request was made for any continuance of the January 25, 2005 hearing;

B. That the only evidence was presented by the Union;

C. That evidence was presented that John A. Pacheco was a principal officer of both American Floor Covering, Inc. and Uni-Con Floors, Inc.; and

D. That Uni-Con Floors, Inc. intentionally evaded the terms, requirements and provision of the collective bargaining agreement.

11. Despite said request(s) the hearing went forward without any appearance by or on behalf of the company, denying its rights to due process.

12. American Floor Covering, Inc. was never a party to the Arbitration and therefore also did not appear to present any evidence.

13. In fact, the Plaintiff, through its counsel requested a continuance of the hearing due to the fact that John A. Pacheco was out of the state and further, on the date of the hearing, that said counsel was ill.

14. The Union and Arbitration Board have not responded to the Company's request for a re-hearing.

15. In fact, John A. Pacheco, is not and was not at the time of the hearing an officer of the American Floor Covering, Inc. However, Plaintiff was not offered an opportunity to present such evidence.

16. The Arbitration Board, failed to give company due process exceeded the authority provided to it in the Agreement and its Award failed to draw its essence from the Agreement or the facts of the case.

17. The Award of Arbitration Board is wholly void, in that the Board exceeded its powers and authority under the collective bargaining agreement; more specifically, the arbitrator has added to, subtracted from, or otherwise modified the terms of the parties' collective bargaining agreement and failed to grant due process to the Plaintiff.

WHEREFORE, the Plaintiff respectfully requests.

1. That the Court determine that the Arbitration Board's Award was based on false or misleading information, was entered in manifest disregard of the law and procedure

and in violation of public policy, and that the Plaintiff was not granted due process and/or a full and fair hearing.

2. That the Court vacate the Arbitration Board's Award dated January 25, 2005;

3. That the Court order that the Union's grievances be denied; or in the alternative the court order the grievance to be resubmitted to a different arbitrator or board, to be mutually agreed upon by the parties.

4. That the Plaintiff recover from the Defendants any fees, expenses, costs, and the disbursements in this action allowable by law; and

5. Further, Plaintiff prays for such other addition relief as this Court may deem just and proper.

Respectfully Submitted,
Uni-Con Floors, Inc.
By their Attorney,

David M. Fleury, Esquire
CARMICHAEL & ZAJAC, P.C.
170 High Street
Taunton, MA 02780
(508) 823-2552
BBO# 553860

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

**DEFENDANTS**

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

05-10463 NG

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☒ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
Brief description of cause:

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

UNITED STATES DISTRICT COUR
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) [illegible]

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

___ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

___ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

*Also complete AO 120 or AO 121 for patent, trademark or copyright cases

___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

___ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

___ V. 150, 152, 153.

05 - 10463 NG

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

YES NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

YES NO

IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

YES NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

YES NO

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

YES NO

A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

EASTERN DIVISION CENTRAL DIVISION WESTERN DIVISION

B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

EASTERN DIVISION CENTRAL DIVISION WESTERN DIVISION

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME [illegible]

ADDRESS [illegible]

TELEPHONE NO. [illegible]

(Cover sheet local.wpd - 11/27/00)