UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                        )
UNI-CON FLOORS, INC.                    )
                        Plaintiff,      )
                                        )
v.                                      )        C.A. No.:  05-10463 NG
                                        )
BRICKLAYERS & ALLIED CRAFTSMEN )
UNION, LOCAL 3 – EASTERN                )
MASSACHUSETTS                           )
                        Defendant.      )
_____)
```

## **DEFENDANT'S ANSWER AND COUNTERCLAIM**

Count One

1.      The defendant states that paragraph 1 of the plaintiff's Complaint accurately reflects the action and concedes the jurisdiction is conferred upon the Court.

2.      The defendant admits the allegations contained in Paragraph 2 of the plaintiff's Complaint.

3.      The defendant admits the allegations contained in Paragraph 3 of the plaintiff's Complaint.

4.      The defendant admits the allegations contained in Paragraph 4 of the plaintiff's Complaint.

5.      The defendant admits the allegations contained in Paragraph 5 of the plaintiff's Complaint.

6.      The defendant admits the allegations contained in Paragraph 6 of the plaintiff's Complaint.

7. The defendant admits the allegations contained in Paragraph 7 of the plaintiff's Complaint and by way of further answer the defendant attaches hereto as Exhibit A the grievance filed against the Plaintiff.

8. The defendant admits the allegations contained in Paragraph 8 of the plaintiff's Complaint and hereby attaches the Arbitration Board's Award as Exhibit B.

9. The defendant admits the allegations contained in Paragraph 9 of the plaintiff's Complaint.

10. The defendant admits the allegations contained in Paragraph 10 of the plaintiff's Complaint.

11. The defendant denies the allegations contained in Paragraph 11 of the plaintiff's Complaint and instead states that no request was ever made to postpone the hearing held on January 25, 2005.

12. The defendant admits the allegations contained in Paragraph 12 of the plaintiff's Complaint.

13. The defendant denies the allegations contained in Paragraph 13 of the plaintiff's Complaint that the Plaintiff, through its counsel, requested a continuance of the hearing that was held on January 25, 2005 and instead states that a hearing scheduled for December 21, 2004 was canceled at the plaintiff's counsel's request.

14. The defendant denies the allegations contained in Paragraph 14 of the plaintiff's Complaint and, as further answer, states that the Plaintiff's request for rehearing was denied.

15. The defendant denies the allegations contained in Paragraph 15 of the plaintiff's Complaint.

16.     The defendant denies the allegations contained in Paragraph 16 of the plaintiff's Complaint.

17.     The defendant denies the allegations contained in Paragraph 17 of the plaintiff's Complaint.

## Counterclaim

1.     This is an action to enforce a labor arbitration award pursuant to §301 of the Labor Management Relations Act (the "Act"), 29 U.S.C. §185.  This Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1337.

2.     Bricklayers & Allied Craftsmen Union Local 3 – Eastern Massachusetts (hereinafter "the Union"), is a labor organization within the meaning of 29 U.S.C. §152(5) and is the duly authorized collective bargaining representative of marble masons, tile layers and terrazzo mechanics employed in Eastern Massachusetts, Maine, New Hampshire and Vermont.  The Union's office is located at 550 Medford Street, Boston, Massachusetts 02129.

3.     Uni-Con Floors, Inc. (hereinafter "the Employer") is an employer within the meaning of 29 U.S.C. §152(2) and §185, does business in this judicial district, and has its principal place of business in Fall River, MA.

4.     The Union and the Employer are parties to a collective bargaining agreement that is a contract within the meaning of 29 U.S.C. §185(a) and that, among other things, provides for arbitration of disputes arising under the agreement.

5.     The parties' collective bargaining agreement provides that an Arbitration Board is authorized to hear and adjudicate "a dispute over the interpretation of the provisions of this Agreement" and that the Arbitration Board's decisions are final and binding as to the parties.

6.     The Arbitration Board is composed of three members from the Union and three members from the Marble, Tile and Terrazzo Contractors Association of Massachusetts ("Contractors Association").

7.     The Agreement mandates that the Joint Trade Board's decisions are binding on both parties.

8.     By letter dated November 2, 2004 (attached hereto as Exhibit C), the Union invoked the grievance and arbitration provision of the applicable collective bargaining agreement and submitted to arbitration a dispute with the Employer that had arisen under the collective bargaining agreement.

9.     By letter dated November 10, 2004 (attached hereto as Exhibit D), the Employer was notified that the arbitration hearing would take place on December 1, 2004.

10.     Following several exchanges of letters between counsel for the parties concerning the dispute between the Union and the Employer and the Employer's request to postpone the arbitration hearing due to the unavailability of the principal officer of the Employer (attached hereto as Exhibit E), Union counsel, by letter dated January 7, 2005 (attached hereto as Exhibit F), notified the Employer's counsel that the arbitration hearing would be held on January 25, 2005 at the Union's office.

11.     The Employer did not request a postponement of the January 25, 2005 hearing nor did counsel for the Employer inform the Union or its counsel that he or the principal officer of the Employer would not attend the hearing.

12.     Following a hearing held in Charlestown, Massachusetts on January 25, 2005, at which the Employer did not appear, the Arbitration Board duly issued an Award on February 7, 2005 sustaining the Union's grievance against the Employer (attached hereto with cover letter as Exhibit G), specifically finding that Uni-Con Floors, Inc. violated Article I, Section 3 of the collective bargaining agreement when it used American Floor

Covering, Inc., which had the same principal officer as Uni-Con Floors, Inc., to perform bargaining unit work at the University of Massachusetts Dartmouth project.

13.    Employer's counsel was provided a copy of the Arbitration Board's Award on February 11, 2005.  To date and without any lawful justification, the Employer has refused to comply with the Arbitration Board's Award.

**WHEREFORE**, the Union respectfully requests that judgment be entered against the Employer:

A.    Ordering the Employer to comply with the Arbitration Board's Award, with pre-judgment interest from February 11, 2005, the receipt of the Award;

B.    Ordering the Employer to pay the Union's costs and attorney's fees for bringing this action;

Bricklayers & Allied Craftsmen Union Local 3 –
Eastern Massachusetts,
By its attorney,


/s/ Michael A. Feinberg
Michael A. Feinberg, BBO #161400
Feinberg, Campbell & Zack, P.C.
177 Milk Street
Boston, MA 02109
(617) 338-1976

Dated:  June 3, 2005

<u>**Certificate of Service**</u>

I, Michael A. Feinberg, Esq. hereby certify that a copy of Defendant's Answer and Counterclaim and accompanying documents was served this 3rd day of June, 2005 by Regular Mail upon David M. Fleury, Esq., Carmichael & Zajac, P.C., 170 High Street, Taunton, MA 02780.

/s/ Michael A. Feinberg_____
Michael A. Feinberg, BBO #161400



*Bricklayers and Allied Craftsmen*
*Local No. 3  Eastern Massachusetts*



550 MEDFORD STREET
BOSTON, MASSACHUSETTS 02129

**CHARLES RASO**
President
Secretary-Treasurer

TELEPHONE: [617] 242-5500
FAX: [617] 242-0021

*November 2, 2004*

Mr. John Pacheco
**Uni-Con Floors Corporation**
P. O. Box 267
Fall River, MA  02724

RE:  U-MA Dartmouth Project
    Suffolk Construction – GC

*Dear Mr. Pacheco:*

*In accordance with Article XV of the collective bargaining agreement between BAC
Local 3 and Uni-Con Floors Corporation, the union is requesting arbitration over
violation of Article I, Section 3 (copy enclosed) of the collective bargaining agreement
relative to the above-referenced project.*

*Kindly contact me as soon as possible to arrange for a mutually agreeable date, time
and place for said arbitration.*

*Very truly yours,*

**Charles Raso**
*President/Secretary-Treasurer*

*CR/md*

*Cc/Marble-Tile-Terrazzo Contractors Association
Michael Feinberg, Esq.
Joe Dewey, BAC #3 Field Representative*

*Enclosure*
*CERTIFIED MAIL #7003 1010 0005 3149 4651*
*RETURN RECEIPT REQUESTED*

REPRESENTING:  BRICKLAYERS  •  STONEMASONS  •  POINTERS  •  CLEANERS  •  CAULKERS
TILE-MARBLE-TERRAZZO MECHANICS & FINISHERS  •  CEMENT MASONS  •  PLASTERERS

## ARBITRATION BOARD AWARD

A hearing was held on January 25, 2005 at the offices of Bricklayers & Allied Craftsmen Local 3 ("Union") in Boston, Massachusetts based on a grievance filed by the Union pursuant to Article XV of the collective bargaining agreement between Bricklayers & Allied Craftsman Union Local 3 Eastern Massachusetts and Marble, Tile and Terrazzo Contractors Association of Massachusetts that Uni-Con Floors, Inc. violated Article I, Section 3 of the collective bargaining agreement.

The hearing in this matter was originally scheduled for December 1, 2004. However, at the request of the attorney for Uni-Con Floors, Inc. a postponement was granted based upon the unavailability of John A. Pacheco, principal officer of Uni-Con Floors, Inc. The hearing was rescheduled to January 25, 2005 at 9:30 a.m. at the Union's offices at 550 Medford Street, Charlestown, Massachusetts. Appropriate and timely notice was given to Uni-Con Floors, Inc. through its attorney David M. Fleury, Esq. by letter dated January 7, 2005. No request was made for any continuance of the January 25, 2005 hearing. No representative of the company appeared at the hearing.

The Union presented its evidence that Uni-Con Floors, Inc. violated Article I, Section 3 of the collective bargaining agreement by utilizing American Floor Covering, Inc. to perform certain tile work at the University of Massachusetts Dartmouth project. The Union presented a copy of a signed collective bargaining agreement between it and Uni-Con Floors, Inc. as well as evidence with respect to the type of work being performed by American Floor Covering, Inc. on the University of Massachusetts Dartmouth project. The Union also presented evidence that John A. Pacheco was the principal officer of American Floor Covering, Inc. and was the same individual who was the principal officer of Uni-Con Floors, Inc.

After considering the evidence produced by the Union, the Board unanimously voted that Uni-Con Floors, Inc. was in violation of Article I, Section 3 of the collective bargaining agreement. Specifically, the Board unanimously found that Uni-Con Floors, Inc. intentionally evaded the terms, requirements and provisions of the collective bargaining agreement by utilizing American Floor Covering, Inc. to perform work

covered by the Union's collective bargaining agreement at the University of Massachusetts Dartmouth project.

Pursuant to Article I, Section 3(3) of the collective bargaining agreement the Board ordered, as its remedy to:

(1) Immediately cease and desist the use of American Floor Covering, Inc. to perform work covered by the collective bargaining agreement on the University of Massachusetts Dartmouth project;

(2) Pay to employees who would have been referred to the job by the Union the equivalent of wages lost by such employees as a result of the violation engaged in by Uni-Con Floors, Inc.; and

(3) Pay into the affected joint Trust Funds established under the collective bargaining agreement any delinquent contributions to such Fund which have resulted from Uni-Con Floors, Inc.'s violation.

The Board also determined that if it is necessary for the Union and/or the Trustees of the joint Trust Funds to institute court action to enforce this Award or to successfully defend an action by Uni-Con Floors, Inc. to vacate this Award, Uni-Con Floors, Inc. shall pay any accountants' and attorneys' fees incurred by the Union and/or Fund Trustees, plus the cost of litigation, which may occur as a result of the court action.

LABOR                                    MANAGEMENT

_Richard Forcione_                       _James Fahey, Jr._
Richard Forcione                         James Fahey, Jr.

_David R. Kreamer_                       _James Gava_
David R. Kreamer                         James Gava

_George Medeiros_                        _William Matera_
George Medeiros                          William Matera

Signed this 25th day of January, 2005

2.



*Bricklayers and Allied Craftsmen*
*Local No. 3   Eastern Massachusetts*



550 MEDFORD STREET
BOSTON, MASSACHUSETTS 02129

**CHARLES RASO**
President
Secretary-Treasurer

TELEPHONE: (617) 242-5500
FAX: (617) 242-0021

*November 2, 2004*

*Mr. John Pacheco*
*Uni-Con Floors Corporation*
*P. O. Box 267*
*Fall River, MA  02724*

*RE: U-MA Dartmouth Project*
     *Suffolk Construction – GC*

*Dear Mr. Pacheco:*

*In accordance with Article XV of the collective bargaining agreement between BAC Local 3 and Uni-Con Floors Corporation, the union is requesting arbitration over violation of Article I, Section 3 (copy enclosed) of the collective bargaining agreement relative to the above-referenced project.*

*Kindly contact me as soon as possible to arrange for a mutually agreeable date, time and place for said arbitration.*

*Very truly yours,*

*Charles Raso*
*President/Secretary-Treasurer*

*CR/md*

*Cc/Marble-Tile-Terrazzo Contractors Association*
  *Michael Feinberg, Esq.*
  *Joe Dewey, BAC #3 Field Representative*

*Enclosure*
*CERTIFIED MAIL #7003 1010 0005 3149 4651*
*RETURN RECEIPT REQUESTED*

REPRESENTING: BRICKLAYERS • STONEMASONS • POINTERS • CLEANERS • CAULKERS
TILE-MARBLE-TERRAZZO MECHANICS & FINISHERS • CEMENT MASONS • PLASTERERS

Section 3.

## Work Preservation

1. Purpose - All applicable work in the territorial jurisdiction of Local No.3 shall be performed under the terms of this Agreement.

2. Procedure - The Employer agrees that no evasion of the terms, requirements, and provisions of this Agreement will take place. In order to prevent any device or subterfuge to avoid the protection of this Agreement and in order to preserve the protection of this Agreement and in order to preserve work, it is hereby agreed as follows:  If and when the Employer shall perform any job site construction work of the type covered by this Agreement, under its own name or under the name of another, as a corporation, company, partnership or any other business entity, including a joint venture, wherein the employer, through its officers, directors, partners or stockholders, exercise either directly or indirectly, (such as through family members) any significant degree of management, control or ownership, the terms and conditions of this Agreement shall be applicable to all such work.

3. Remedy - All charges of violations of Paragraph (2) of this Section shall be considered as a dispute under this Agreement and shall be processed in accordance with the procedures for the handling of grievances and the final binding resolution of disputes, as provided in Article XV of this Agreement.  As a remedy for violations of this Section, the arbitrator (or arbitration body) provided for in Article XV is empowered at the request of the Union, to require an Employer to (1) pay to affected Employees covered by this Agreement, including registered applicants for employment, the equivalent of wages lost by such Employees as a result of the violations, and (2) pay into the affected joint Trust Funds established under this Agreement any delinquent contributions to such Funds which have resulted from violations.  Provision for this remedy herein does it make the same or other remedies unavailable to this Union for violations of other Sections or other Articles of this Agreement.

   If, as a result of violations of this Section, it is necessary for the Union and/or the Trustees of the joint Trust Funds to institute court action to enforce an award rendered in accordance with the sub-section above, or to successfully defend an action which seeks to vacate such award, the Employer shall pay any accountants' and attorneys' fees incurred by the Union and/or Fund Trustees, plus costs of the litigations, which have resulted from the bringing of such court action.




*Bricklayers and Allied Craftsmen*
*Local No. 3   Eastern Massachusetts*

550 MEDFORD STREET
BOSTON, MASSACHUSETTS 02129

**CHARLES RASO**
President
Secretary-Treasurer

TELEPHONE: (617) 242-5500
FAX: (617) 242-0021

*November 10, 2004*

*Mr. John Pacheco*
*Uni-Con Floors Corporation*
*P. O. Box 267*
*Fall River, MA  02724*

*RE:  U-MA Dartmouth Project*
    *Suffolk Construction – GC*

*Dear Mr. Pacheco:*

*Reference is made to our telephone conversation on Tuesday, November 9, 2004, wherein you refused to set a mutually convenient date, place and time for arbitration.*

*The union is alleging that Uni-Con Floors Corporation is in violation of Article I, Section 3 of the collective bargaining agreement between the parties, relative to its use of American Floor Covering, Inc. on the above-referenced project.*

*Since you have refused arbitration, the union is setting the arbitration hearing as follows:*

> *Date:  Wednesday, December 1, 2004*
> *Time:  10:00 a.m.*
> *Place: Bricklayers Union Local 3 Office*
>        *550 Medford Street*
>        *Charlestown, MA*

REPRESENTING: BRICKLAYERS • STONEMASONS • POINTERS • CLEANERS • CAULKERS
TILE-MARBLE-TERRAZZO MECHANICS & FINISHERS • CEMENT MASONS • PLASTERERS

- 2 -

The union remains optimistic that you will agree to participate. However,
please be advised that the hearing will take place whether or not you attend.

Very truly yours,

*Charles Raso*
*President/Secretary-Treasurer*

CR/md

cc/Marble-Tile-Terrazzo Contractors Association
  Michael Feinberg, Esq.
  Joe Dewey, BAC Local 3 Field Representative

CERTIFIED MAIL #7003 1010 0005 3149 4644
RETURN RECEIPT REQUESTED

# CARMICHAEL, ZAJAC & FLEURY, P.C.
## ATTORNEYS AT LAW

David M. Fleury, Esquire
(508) 821-2552, Ext.14
E-mail: attydmf@cs.com

December 7, 2004

**Via Facsimile-1-617-338-7070**
**Feinberg, Campbell & Zack, P.C.**
**Attention: Attorney Feinberg**
**177 Milk Street, Suite 300**
**Boston, MA 02109**

RE:     UNI-CON FLOORS, INC. (UCF), Massachusetts Bricklayers and Masons

Dear Counsel:

In reference to the above, you may recall that in my last correspondence to you dated December 7, 2004, see copy attached, I indicated to you that Mr. John Pacheco is in Florida for the winter. I am still awaiting your reply to same.

Please advise as to whether or not you intend to go forward tomorrow.

I await your reply

Very truly yours,
CARMICHAEL, ZAJAC & FLEURY, P.C.

David M. Fleury

David M. Fleury, Esquire

cc: UNI-CON Floors, Inc.

---

170 HIGH STREET, TAUNTON, MASSACHUSETTS 02780

TELEPHONE: (508) 821-2552 — FACSIMILE: (508) 821-2566 — E-MAIL: czfdk@cs.com

Trial Attorneys Practicing in the State and Federal Courts of Massachusetts and Rhode Island

# CARMICHAEL, ZAJAC & FLEURY, P.C.
## ATTORNEYS AT LAW

David M. Fleury, Esquire
(508) 821-2552, Ext.14
E-mail: attydmf@cs.com

COPY

December 7, 2004

Via Facsimile-1-617-338-7070
Feinberg, Campbell & Zack, P.C.
Attention:  Attorney Feinberg
177 Milk Street, Suite 300
Boston, MA 02109

RE:    UNI-CON FLOORS, INC. (UCF), Massachusetts Bricklayers and Masons

Dear Counsel:

As you recall, I am general counsel for the commercial flooring division of UNI-CON Floors, Inc. (UCF) and it is on its behalf that I correspond. In accordance with our telephone conversation last week, please find attached the Subcontract and the information from the Commonwealth of Massachusetts William Francis Galvin Secretary of the Commonwealth.

As you can see, the Subcontract is with UCF for carpet and the corporate records make no mention of John Pacheco.

Finally, I have just been notified that, although I should have realized, Mr. Pacheco is at his Florida residence for the winter. He is not scheduled back any time soon. Perhaps we can speak about this and the documentation provided and resolve matters.

I await your reply

Should there be anything further you require, simply contact me.  Thank you in advance for your cooperation.

                                    Very truly yours,
                                    CARMICHAEL, ZAJAC & FLEURY, P.C.


                                    _David M. Fleury_
                                    David M. Fleury, Esquire

cc: UNI-CON Floors, Inc.

---

170 HIGH STREET, TAUNTON, MASSACHUSETTS 02780

TELEPHONE: (508) 821-2552 — FACSIMILE: (508) 821-2566 — E-MAIL: czfdk@cs.com

Trial Attorneys Practicing in the State and Federal Courts of Massachusetts and Rhode Island

# CARMICHAEL, ZAJAC & FLEURY, P.C.
## ATTORNEYS AT LAW

David M. Fleury, Esquire
(508) 821-2552, Ext. 14
E-mail: attydmf@cs.com

December 20, 2004

Via Facsimile-1-617-338-7070
Feinberg, Campbell & Zack, P.C.
Attention: Attorney Feinberg
177 Milk Street, Suite 300
Boston, MA 02109

RE:    UNI-CON FLOORS, INC. (UCF), Massachusetts Bricklayers and Masons
Dear Counsel:

In reference to the above, you may recall that in my last correspondence to you dated December 7, 2004, see copy attached, I indicated to you that Mr. John Pacheco is in Florida for the winter. I am still awaiting your reply to same.

Please advise as to whether or not you intend to go forward tomorrow.

I await your reply

Very truly yours,
CARMICHAEL, ZAJAC & FLEURY, P.C.

_David M. Fleury_

David M. Fleury, Esquire

cc: UNI-CON Floors, Inc.

---

170 HIGH STREET, TAUNTON, MASSACHUSETTS 02780

TELEPHONE: (508) 821-2552 — FACSIMILE: (508) 821-2566 — E-MAIL: czfdk@cs.com

Trial Attorneys Practicing in the State and Federal Courts of Massachusetts and Rhode Island

# FEINBERG, CAMPBELL & ZACK, P.C.

Attorneys at Law

177 Milk Street, Suite 300 • Boston, Massachusetts 02109

617-338-1976

Fax 617-338-7070   Toll Free 800-338-6004

MICHAEL A. FEINBERG
maf@fczlaw.com
CATHERINE M. CAMPBELL
cmc@fczlaw.com
Also admitted in California
ARTHUR G. ZACK
agz@fczlaw.com

JONATHAN M. CONTI
jmc@fczlaw.com
Also admitted in Connecticut
and Wisconsin

*VIA FACSIMILE: 508-821-2566*
**and First Class Mail**

December 21, 2004

David M. Fleury, Esq.
Carmichael, Zajac & Fleury, P.C.
170 High Street
Taunton, MA 02780

    Re:   Uni-Con Floors, Inc. and
              Massachusetts Bricklayers and Masons Local No. 3

Dear Mr. Fleury:

This letter will serve to advise you that, at your request, today's meeting has been cancelled.

However, the Union still intends to press forward on the arbitration between Uni-Con Floors, Inc. and Bricklayers and Masons Local Union No. 3 concerning the installation of ceramic tile on the UMass Dartmouth job. For your information, the contract you provided to me between Uni-Con Floors, Inc. and Suffolk Construction Company concerning the carpet, VCT and rubber flooring installation does not pertain to this dispute. Rather, the Union is alleging that Uni-Con Floors, Inc. violated the work preservation clause of the collective bargaining agreement when it performed the installation of the ceramic tile on the above referenced job under the name of American Floor Covering, Inc.

When you have had an opportunity to review this matter with your client would you kindly contact me so that we may arrange for a mutually satisfactory date for the arbitration proceeding.

Very truly yours,

Michael A. Feinberg

MAF:klb

Cc:    Charles Raso, Business Manager, Bricklayers and Masons Local Union No. 3

# FEINBERG, CAMPBELL & ZACK, P.C.

Attorneys at Law

177 Milk Street, Suite 300 • Boston, Massachusetts 02109

617-338-1976

Fax 617-338-7070    Toll Free 800-338-6004

JONATHAN M. CONTI
jmc@fczlaw.com
Also admitted in Connecticut
and Wisconsin

MICHAEL A. FEINBERG
maf@fczlaw.com
CATHERINE M. CAMPBELL
cmc@fczlaw.com
Also admitted in California
ARTHUR G. ZACK
agz@fczlaw.com

January 7, 2005

David M. Fleury, Esq.
Carmichael, Zajac & Fleury, P.C.
170 High Street
Taunton, MA 02780

> Re:  Uni-Con Floors, Inc. and
> Massachusetts Bricklayers and Masons Local No. 3

Dear Mr. Fleury:

This letter will serve to advise you that an arbitration panel has been convened to hear the grievance between Bricklayers Local Union No. 3, Bricklayers and Allied Craftsman Local No. 3 and Uni-Con Floors, Inc. concerning the installation of tile at the UMass Dartmouth project.

The arbitration hearing will be held on Tuesday, January 25, 2005 at 9:30 a.m. at the Bricklayers and Allied Craftsman Local Union No. 3's offices at 550 Medford Street, Charlestown, Massachusetts.

You should be prepared to present any evidence, including witnesses and documentary evidence, which may support your client's position in this matter.

If you have any questions please feel free to contract me.

Very truly yours,

Michael A. Feinberg /klb

Michael A. Feinberg

MAF:klb

Cc:  Charles Raso, President and Business Manager Bricklayers and Allied Craftsman Local 3

# FEINBERG, CAMPBELL & ZACK, P.C.

### Attorneys at Law

177 Milk Street, Suite 300 • Boston, Massachusetts 02109

617-338-1976

Fax 617-338-7070   Toll Free 800-338-6004

MICHAEL A. FEINBERG
maf@fczlaw.com
CATHERINE M. CAMPBELL
cmc@fczlaw.com
Also admitted in California
ARTHUR G. ZACK
agz@fczlaw.com

JONATHAN M. CONTI
jmc@fczlaw.com
Also admitted in Connecticut
and Wisconsin

*VIA CERTIFIED MAIL: 7004 2890 0004 6310 1614*
*and Regular Mail*

February 8, 2005

David M. Fleury, Esq.
Carmichael, Zajac & Fleury, P.C.
170 High Street
Taunton, MA 02780

Re:    Uni-Con Floors, Inc. and
       Massachusetts Bricklayers and Masons Local No. 3

Dear Mr. Fleury:

This letter will serve to advise you that the arbitration panel mentioned in my letter to you of January 7, 2004 met on January 25, 2005 to hear the grievance between Bricklayers Local Union No. 3 and Uni-Con Floors, Inc.

Enclosed is the January 25, 2005 Arbitration Board Award which found that Uni-Con Floors, Inc. violated Article I, Section 3 of the collective bargaining agreement. As you will note, the Arbitration Board ordered that Uni-Con Floors, Inc.:

(1)    Immediately cease and desist the use of American Floor Covering, Inc. to perform work covered by the collective bargaining agreement on the University of Massachusetts Dartmouth project;

(2)    Pay to employees who would have been referred to the job by the Union the equivalent of wages lost by such employees as a result of the violation engaged in by Uni-Con Floors, Inc.; and

(3)    Pay into the affected joint Trust Funds established under the collective bargaining agreement any delinquent contributions to such Fund which have resulted from Uni-Con Floors, Inc.'s violation.

Would you be kind enough to advise me as to Uni-Con Floors, Inc.'s intention with respect to this matter.

You should further be advised that in the event Uni-Con Floors, Inc. does not honor the Arbitration Board Award, Bricklayers Local Union No. 3 has authorized this office to enforce the Award in the United States District Court For The District of Massachusetts.

Very truly yours,

Michael A. Feinberg

MAF:klb
Enclosure

Cc:    Charles Raso, Business Manager
       Bricklayers Local Union No 3

# ARBITRATION BOARD AWARD

A hearing was held on January 25, 2005 at the offices of Bricklayers & Allied Craftsmen Local 3 ("Union") in Boston, Massachusetts based on a grievance filed by the Union pursuant to Article XV of the collective bargaining agreement between Bricklayers & Allied Craftsman Union Local 3 Eastern Massachusetts and Marble, Tile and Terrazzo Contractors Association of Massachusetts that Uni-Con Floors, Inc. violated Article I, Section 3 of the collective bargaining agreement.

The hearing in this matter was originally scheduled for December 1, 2004. However, at the request of the attorney for Uni-Con Floors, Inc. a postponement was granted based upon the unavailability of John A. Pacheco, principal officer of Uni-Con Floors, Inc. The hearing was rescheduled to January 25, 2005 at 9:30 a.m. at the Union's offices at 550 Medford Street, Charlestown, Massachusetts. Appropriate and timely notice was given to Uni-Con Floors, Inc. through its attorney David M. Fleury, Esq. by letter dated January 7, 2005. No request was made for any continuance of the January 25, 2005 hearing. No representative of the company appeared at the hearing.

The Union presented its evidence that Uni-Con Floors, Inc. violated Article I, Section 3 of the collective bargaining agreement by utilizing American Floor Covering, Inc. to perform certain tile work at the University of Massachusetts Dartmouth project. The Union presented a copy of a signed collective bargaining agreement between it and Uni-Con Floors, Inc. as well as evidence with respect to the type of work being performed by American Floor Covering, Inc. on the University of Massachusetts Dartmouth project. The Union also presented evidence that John A. Pacheco was the principal officer of American Floor Covering, Inc. and was the same individual who was the principal officer of Uni-Con Floors, Inc.

After considering the evidence produced by the Union, the Board unanimously voted that Uni-Con Floors, Inc. was in violation of Article I, Section 3 of the collective bargaining agreement. Specifically, the Board unanimously found that Uni-Con Floors, Inc. intentionally evaded the terms, requirements and provisions of the collective bargaining agreement by utilizing American Floor Covering, Inc. to perform work

covered by the Union's collective bargaining agreement at the University of Massachusetts Dartmouth project.

Pursuant to Article I, Section 3(3) of the collective bargaining agreement the Board ordered, as its remedy to:

(1) Immediately cease and desist the use of American Floor Covering, Inc. to perform work covered by the collective bargaining agreement on the University of Massachusetts Dartmouth project;

(2) Pay to employees who would have been referred to the job by the Union the equivalent of wages lost by such employees as a result of the violation engaged in by Uni-Con Floors, Inc.; and

(3) Pay into the affected joint Trust Funds established under the collective bargaining agreement any delinquent contributions to such Fund which have resulted from Uni-Con Floors, Inc.'s violation.

The Board also determined that if it is necessary for the Union and/or the Trustees of the joint Trust Funds to institute court action to enforce this Award or to successfully defend an action by Uni-Con Floors, Inc. to vacate this Award, Uni-Con Floors, Inc. shall pay any accountants' and attorneys' fees incurred by the Union and/or Fund Trustees, plus the cost of litigation, which may occur as a result of the court action.

LABOR

Richard Forcione

David R. Kreamer

George Medeiros

MANAGEMENT

James Fahey, Jr.

James Gava

William Matera

Signed this 25th day of January, 2005

2