UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
UNI-CON FLOORS, INC.               )
            Plaintiff,             )
                                   )
v.                                 )   C.A. No.:  05-10463 NG
                                   )
BRICKLAYERS & ALLIED CRAFTSMEN     )
UNION, LOCAL 3 – EASTERN           )
MASSACHUSETTS                      )
            Defendant.             )
_____)

STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF DEFENDANT'S
<u>MOTION FOR SUMMARY JUDGMENT</u>

1. Bricklayers and Allied Craftsmen Local No. 3, Eastern Massachusetts, is the authorized collective bargaining representative for marble masons, tile layers, terrazzo mechanics, and marble, tile, and terrazzo finishers in eastern Massachusetts. (Affidavit of Charles Raso, ¶ 3).

2. Local 3 and the Marble, Tile and Terrazzo Contractors Association of Massachusetts are parties to a collective bargaining agreement with effective dates of January 1, 2003 to July 31, 2007.  Plaintiff Uni-Con is bound by the agreement by virtue of its having signed an "Independent Agreement" on March 21, 2001. (Raso Aff., ¶ 4; Exhibits A and B).

3. Article XV of the agreement includes a grievance and arbitration provision for the handling of disputes over the interpretation of the agreement before an Arbitration Board.  Pursuant to Article XV, the Arbitration Board is made up of a committee of not more than six (6) individuals, consisting of three (3)

      members from the Union and three (3) members from the Marble, Tile and Terrazzo Contractors Association of Massachusetts. Article XV of the agreement mandates that the Arbitration Board's decisions are "final and binding on both parties." (Raso Aff., ¶ 5; Exhibit A).

4.   Charles Raso, President/Secretary-Treasurer of Local 3, sent a letter dated November 2, 2004 to Jon Pacheco of Uni-Con Floors stating that the Union was requesting arbitration over the Company's alleged violation of Article I, Section 3 of the collective bargaining agreement with respect to a project at the University of Massachusetts- Dartmouth. Article I, Section 3 of the agreement is the "Work Preservation" provision. (Raso Aff., ¶ 6; Exhibits A and C; Affidavit of Michael A. Feinberg, ¶ 2).

5.   Mr. Raso also asked in his November 2, 2004 letter to Mr. Pacheco that he contact Mr. Raso as soon as possible to arrange a mutually agreeable date, time, and place for the arbitration. (Raso Aff., ¶ 7; Exhibit C).

6.   On November 10, 2004, Mr. Raso notified Mr. Pacheco via letter that the Union was setting the arbitration hearing for Wednesday, December 1, 2004 at 10:00 a.m. at Local 3's offices at 550 Medford Street, Charlestown, Massachusetts. (Raso Aff., ¶ 8; Exhibit D; Feinberg Aff., ¶ 3).

7.   The parties subsequently mutually agreed to change the arbitration hearing date to December 21, 2004. (Raso Aff., ¶ 9; Feinberg Aff., ¶ 4).

8.   In a letter dated December 20, 2004, David M. Fleury, Esq., legal counsel for Uni-Con Floors, notified the office of Local 3's attorney, Michael A. Feinberg, Esq., that Mr. Pacheco was not available for the arbitration hearing

scheduled for the next day, December 21, 2004. (Raso Aff., ¶ 10; Exhibit E; Feinberg Aff., ¶ 5).

9. Attorney Feinberg responded to Attorney Fleury by letter dated December 21, 2004, in which he informed Attorney Fleury that while the Union would agree to postpone the arbitration hearing scheduled for December 21, 2004, the Union still intended to proceed to arbitration on the charge that Uni-Con violated Article I, Section 3, the Work Preservation clause, of the collective bargaining agreement with respect to the project at the University of Massachusetts-Dartmouth. (Raso Aff., ¶ 11; Exhibit F; Feinberg Aff., ¶ 6).

10. In a letter dated January 7, 2005, Attorney Feinberg notified Attorney Fleury that the previously postponed arbitration hearing concerning Uni-Con Floors and the University of Massachusetts- Dartmouth project would now be held on Tuesday, January 25, 2005 at 9:30 a.m. at Local 3's offices at 550 Medford Street, Charlestown, Massachusetts. (Raso Aff., ¶ 12; Exhibit G; Feinberg Aff., ¶ 7).

11. On January 25, 2005, a hearing was held before the Arbitration Board. Neither John Pacecho nor Attorney Fleury appeared for the hearing. The Union presented evidence that Uni-Con violated Article I, Section 3 of the agreement by utilizing American Floor Covering, Inc., to perform certain tile work at the University of Massachusetts-Dartmouth project, and that John Pacecho was the principal officer of American Floor Covering, Inc., and was the same individual who was the principal officer of Uni-Con Floors, Inc. At least as late as October 20, 2004, John Pacheco was the President, Secretary,

3

Treasurer and Director of American Floor Covering, Inc. (Raso Aff., ¶ 13; Exhibit H).

12. After considering the evidence presented, the Arbitration Board unanimously found that Uni-Con was in violation of Article I, Section 3 of the agreement, and that Uni-Con intentionally evaded the terms, requirements, and provisions of the agreement by utilizing American Floor Covering, Inc., to perform the work covered by the agreement. Pursuant to Article I, Section 3(3) of the agreement, the Arbitration Board ordered as its remedy that Uni-Con:

> (1) Immediately cease and desist the use of American Floor Covering, Inc., to perform work covered by the collective bargaining agreement on the University of Massachusetts Dartmouth project;
> (2) Pay to employees who would have been referred to the job by the Union the equivalent of wages lost by such employees as a result of the violation engaged in by Uni-Con Floors, Inc.; and
> (3) Pay into the affected joint Trust Funds established under the collective bargaining agreement any delinquent contributions to such Fund which have resulted from Uni-Con Floors, Inc.'s violation.

(Raso Aff., ¶14; Exhibit I).

13. The Arbitration Board also ruled that if it was necessary for the Union to have to proceed to federal court to enforce the arbitration award, or should the Union have to defend an action by Uni-Con to vacate the arbitration award, then Uni-Con would be responsible for "any accountants' and attorneys' fees incurred by the Union . . . plus the cost of litigation, which may occur as a result of the court action." (Raso Aff., ¶ 15; Exhibit I).

14. In a letter dated February 8, 2005, and sent via certified mail, Attorney Feinberg informed Attorney Fleury that the Arbitration Board had met on January 25, 2005 to hear the grievance between Local 3 and Uni-Con, and that

4

   the Arbitration Board had found that Uni-Con had violated Article I, Section 3 of the collective bargaining agreement. Attorney Feinberg enclosed a copy of the Arbitration Board's Award with his February 8, 2005 letter to Attorney Fleury. (Raso Aff., ¶ 16; Exhibit J; Feinberg Aff., ¶ 9).

15. On February 23, 2005, David Frates of Uni-Con Floors telephoned Attorney Feinberg's office and told his assistant, Kathi Baldwin, that Attorney Fleury had not received the January 7, 2005 letter. (Feinberg Aff., ¶ 10).

16. On March 2, 2005, Attorney Feinberg received a letter from Attorney Fleury claiming that his secretary spoke with Attorney Feinberg's secretary on "the day of the arbitration" and informed her that Mr. Fleury "was ill and unable to attend," and also added "that Mr. Pacheco was not in the state and requested a new arbitration date." Attorney Fleury also claimed that he had also sent a facsimile to Attorney Feinberg's office on January 25, 2005, requesting a postponement of the hearing. (Feinberg Aff., ¶ 11; Exhibit 1).

17. On that same day, March 2, 2005, Attorney Feinberg faxed a letter back to Attorney Fleury and advised him that he had his facts confused. Attorney Feinberg explained that the telephone call had been made and a facsimile sent on December 20 and 21, 2004, regarding postponing the arbitration hearing scheduled for December 21, 2004. (Feinberg Aff., ¶ 12; Exhibit 2).

18. Attorney Fleury then faxed another letter to Attorney Feinberg on March 2, 2005, in which he stated that he was not claiming that he did not have notice of the January 7, 2005 letter, but only that he had allegedly requested a postponement on January 25, 2005. (Feinberg Aff., ¶ 13; Exhibit 3).

5

19. Neither the Union nor Attorney Feinberg ever received a telephone call, or a written request from Uni-Con Floors or Attorney Fleury, requesting that the arbitration hearing scheduled for January 25, 2005, be postponed. (Raso Aff., ¶ 17; Feinberg Aff., ¶ 14).

20. The Union refused to submit to another arbitration hearing on the matter of Uni-Con and the University of Massachusetts- Dartmouth project. (Raso Aff., ¶ 18).

21. To date, Uni-Con Floors has refused to abide by the terms of the arbitration award of February 8, 2005. (Raso Aff., ¶ 19).

                                                                    Respectfully submitted,

                                                                    For Defendant Bricklayers and
Allied Craftsmen Local 3
Eastern Massachusetts

By its Attorney,

/s/ Jonathan M. Conti
Jonathan M. Conti, BBO#657163
Feinberg, Campbell & Zack, P.C.
177 Milk Street
Boston, MA 02109
(617) 338-1976

Dated this 16th day of November 2005.