UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNI-CON FLOORS, INC.<br>　　　　Plaintiff,<br><br>v.<br><br>BRICKLAYERS & ALLIED CRAFTSMEN<br>UNION, LOCAL 3 – EASTERN<br>MASSACHUSETTS<br>　　　　Defendant. | C.A. No.: 05-10463 NG |

### AFFIDAVIT OF CHARLES RASO

Charles Raso deposes and states as follows:

1. My name is Charles Raso. I am President/Secretary Treasurer of Bricklayers and Allied Craftsmen Local No. 3, Eastern Massachusetts ("Local 3" or "Union"). My office is located at 550 Medford Street, Boston, Massachusetts 02129. As President/Secretary-Treasurer, I am responsible for the day-to-day administration of Local 3, including the maintenance and oversight of all its activities.

2. I am also union co-chair of the joint Arbitration Board (hereinafter referred to as "Arbitration Board"). Therefore, I am familiar with the collective bargaining agreements of Local 3 and the awards issued by the Arbitration Board.

3. Bricklayers and Allied Craftsmen Local No. 3, Eastern Massachusetts, is the authorized collective bargaining representative for marble masons, tile layers,

terrazzo mechanics, and marble, tile, and terrazzo finishers in eastern Massachusetts.

4. Local 3 and the Marble, Tile and Terrazzo Contractors Association of Massachusetts are parties to a collective bargaining agreement with effective dates of January 1, 2003 to July 31, 2007. The agreement is attached hereto as Exhibit A. Plaintiff Uni-Con is bound to the collective bargaining agreement by virtue of having signed an "Independent Agreement", which is attached hereto as Exhibit B, on March 21, 2001.

5. Article XV of the agreement includes a grievance and arbitration provision for the handling of disputes over the interpretation of the agreement before an Arbitration Board. Pursuant to Article XV, the Arbitration Board is made up of a committee of not more than six (6) individuals, consisting of three (3) members from the Union and three (3) members from the Marble, Tile and Terrazzo Contractors Association of Massachusetts. Article XV of the agreement mandates that the Arbitration Board's decisions are "final and binding on both parties."

6. I sent a letter dated November 2, 2004, which is attached hereto as Exhibit C, to Jon Pacheco of Uni-Con Floors, stating that the Union was requesting arbitration over the Company's alleged violation of Article I, Section 3 of the collective bargaining agreement with respect to a project at the University of Massachusetts- Dartmouth. Article I, Section 3 of the agreement is the "Work Preservation" provision.

7. I also asked in my November 2, 2004 letter to Mr. Pacheco that he contact me as soon as possible to arrange a mutually agreeable date, time, and place for the arbitration.

8. On November 10, 2004, I notified Mr. Pacheco via letter that the Union was setting the arbitration hearing for Wednesday, December 1, 2004 at 10:00 a.m. at Local 3's offices at 550 Medford Street, Charlestown, Massachusetts. A copy of my letter is attached hereto as Exhibit D.

9. The parties subsequently mutually agreed to change the date of the arbitration hearing to December 21, 2004.

10. In a letter dated December 20, 2004, David M. Fleury, Esq., legal counsel for Uni-Con Floors, notified the office of Local 3's attorney, Michael A. Feinberg, Esq., that Mr. Pacheco was not available for the arbitration hearing scheduled for the next day, December 21, 2004. A copy of Attorney Fleury's letter is attached hereto as Exhibit E.

11. Attorney Feinberg responded to Attorney Fleury by letter dated December 21, 2004, attached hereto as Exhibit F, in which he informed Attorney Fleury that while the Union would agree to postpone the arbitration hearing scheduled for December 21, 2004, the Union still intended to proceed to arbitration on the charge that Uni-Con violated Article I, Section 3, the Work Preservation clause, of the collective bargaining agreement with respect to the project at the University of Massachusetts-Dartmouth.

12. In a letter dated January 7, 2005, Attorney Feinberg notified Attorney Fleury that the previously postponed arbitration hearing concerning Uni-Con Floors

and the University of Massachusetts- Dartmouth project would now be held on Tuesday, January 25, 2005 at 9:30 a.m. at Local 3's offices at 550 Medford Street, Charlestown, Massachusetts. A copy of Attorney Feinberg's letter is attached hereto as Exhibit G.

13. On January 25, 2005, a hearing was held before the Arbitration Board. Neither John Pacecho nor Attorney Fleury appeared for the hearing. The Union presented evidence that Uni-Con violated Article I, Section 3 of the agreement by utilizing American Floor Covering, Inc., to perform certain tile work at the University of Massachusetts-Dartmouth project, and that John Pacecho was the principal officer of American Floor Covering, Inc., and was the same individual who was the principal officer of Uni-Con Floors, Inc. According to documentation filed with the Commonwealth of Massachusetts, and which is attached hereto as Exhibit H, at least as late as October 20, 2004, John Pacheco was the President, Secretary, Treasurer, and Director of American Floor Covering, Inc.

14. After considering the evidence presented, the Arbitration Board issued an award, attached hereto as Exhibit I, in which it unanimously found that Uni-Con was in violation of Article I, Section 3 of the agreement, and that Uni-Con intentionally evaded the terms, requirements, and provisions of the agreement by utilizing American Floor Covering, Inc., to perform the work covered by the agreement. Pursuant to Article I, Section 3(3) of the agreement, the Arbitration Board ordered as its remedy that Uni-Con:

    (1) Immediately cease and desist the use of American Floor Covering, Inc., to perform work covered by the collective bargaining agreement on the University of Massachusetts Dartmouth project;

    (2) Pay to employees who would have been referred to the job by the Union the equivalent of wages lost by such employees as a result of the violation engaged in by Uni-Con Floors, Inc.; and

    (3) Pay into the affected joint Trust Funds established under the collective bargaining agreement any delinquent contributions to such Fund which have resulted from Uni-Con Floors, Inc.'s violation.

15. The Arbitration Board also ruled that if it was necessary for the Union to have to proceed to federal court to enforce the arbitration award, or should the Union have to defend an action by Uni-Con to vacate the arbitration award, then Uni-Con would be responsible for "any accountants' and attorneys' fees incurred by the Union . . . plus the cost of litigation, which may occur as a result of the court action."

16. In a letter dated February 8, 2005, attached hereto as Exhibit J, and sent via certified mail, Attorney Feinberg informed Attorney Fleury that the Arbitration Board had met on January 25, 2005 to hear the grievance between Local 3 and Uni-Con, and that the Arbitration Board had found that Uni-Con had violated Article 1, Section 3 of the collective bargaining agreement. Attorney Feinberg enclosed a copy of the Arbitration Board's Award with his February 8, 2005 letter to Attorney Fleury.

17. The Union never received a telephone call, or a written request from Uni-Con Floors or Attorney Fleury, requesting that the arbitration hearing scheduled for January 25, 2005, be postponed.

18. The Union refused to submit to another arbitration hearing on the matter of Uni-Con and the University of Massachusetts- Dartmouth project.

19. To date, Uni-Con Floors has refused to abide by the terms of the arbitration award of February 8, 2005.

SIGNED UNDER THE PENALTIES OF PERJURY THIS ___15___ DAY OF NOVEMBER, 2005.

_____
Charles Raso

Pursuant to conversation today 11/15/05 at 3:50 p.m. with Jennifer Filo, Docket Clerk to Nancy Gertner, I am filing Exhibits A-J, attachment to the Affidavit of Charles Raso in hard copy with the Courts.

Kathi Baldwin
Assistant to Jonathan M. Conti