UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNI-CON FLOORS, INC. | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.:  05-10463 NG |
| | ) | |
| BRICKLAYERS & ALLIED CRAFTSMEN | ) | |
| UNION, LOCAL 3 – EASTERN | ) | |
| MASSACHUSETTS | ) | |
| Defendant. | ) | |
| | ) | |

## AFFIDAVIT OF MICHAEL A. FEINBERG, ESQ.

Michael A. Feinberg, Esq., deposes and states as follows:

1.   My name is Michael A. Feinberg.  I am senior partner in the law firm of

Feinberg, Campbell & Zack, P.C., and I am one of the attorneys for Defendant

Bricklayers and Allied Craftsmen Local 3, Eastern Massachusetts.

2.   On or about November 2, 2004, the Union notified Jon Pacheco of Uni-Con

Floors that it was requesting arbitration over the Company's alleged violation

of Article I, Section 3 of the collective bargaining agreement with respect to a

project at the University of Massachusetts- Dartmouth.  Article I, Section 3 of

the agreement states is the "Work Preservation" provision.

3.   On November 10, 2004, Mr. Raso notified Mr. Pacheco via letter that the

Union was setting the arbitration hearing for Wednesday, December 1, 2004

at 10:00 a.m. at Local 3's offices at 550 Medford Street, Charlestown,

Massachusetts.

4.     The parties subsequently mutually agreed to change the arbitration hearing date to December 21, 2004.

5.     On or about December 20, 2004, I received a letter from David M. Fleury, Esq., legal counsel for Uni-Con Floors, informing me that Mr. Pacheco was not available for the arbitration hearing scheduled for the next day, December 21, 2004. Attorney Fleury also telephoned my office on the morning of December 21, 2004, to reiterate his request for a postponement of the arbitration hearing scheduled for that day, December 21, 2004.

6.     I responded to Attorney Fleury by letter dated December 21, 2004, in which I informed Attorney Fleury that while the Union would agree to postpone the arbitration hearing scheduled for December 21, 2004, the Union still intended to proceed to arbitration on the charge that Uni-Con violated Article I, Section 3, the "Work Preservation" clause, of the collective bargaining agreement with respect to the project at the University of Massachusetts-Dartmouth.

7.     In a letter dated January 7, 2005, I notified Attorney Fleury that the previously postponed arbitration hearing concerning Uni-Con Floors and the University of Massachusetts- Dartmouth project would now be held on Tuesday, January 25, 2005 at 9:30 a.m. at Local 3's offices at 550 Medford Street, Charlestown, Massachusetts.

8.     I did not receive any notification, either in writing or over the telephone, from either Attorney Fleury or anyone from Uni-Con Floors, that they would not be able to attend the arbitration hearing scheduled for January 25, 2005.

9.      In a letter dated February 8, 2005, and sent via certified mail, I informed Attorney Fleury that the Arbitration Board had met on January 25, 2005 to hear the grievance between Local 3 and Uni-Con, and that the Arbitration Board had found that Uni-Con had violated Article I, Section 3 of the collective bargaining agreement. I enclosed a copy of the Arbitration Board's Award with his February 8, 2005 letter to Attorney Fleury.

10.     On February 23, 2005, David Frates of Uni-Con Floors telephoned my office and told my assistant, Kathi Baldwin, that Attorney Fleury had not received the January 7, 2005 letter.

11.     On March 2, 2005, I received a letter from Attorney Fleury, attached hereto as Exhibit 1, claiming that his secretary spoke with my secretary on "the day of the arbitration" and informed her that Mr. Fleury "was ill and unable to attend," and also added "that Mr. Pacheco was not in the state and requested a new arbitration date." Attorney Fleury also claimed that he had also sent a facsimile to my office on January 25, 2005, requesting a postponement of the hearing, but I never received such a facsimile.

12.     On that same day, March 2, 2005, I faxed a letter back to Attorney Fleury and advised him that he had his dates confused. I explained that the telephone call had been made and a facsimile sent on December 20 and 21, 2004, regarding postponing the arbitration hearing scheduled for December 21, 2004. A copy of my letter is attached hereto as Exhibit 2.

13.     Attorney Fleury then faxed another letter to me on March 2, 2005, which is attached hereto as Exhibit 3, in which he stated that he was not claiming that he

did not have notice of the January 7, 2005 letter, but only that he had allegedly

requested a postponement on January 25, 2005.

14.    I never received a telephone call or a written request from Uni-Con Floors or

Attorney Fleury, requesting that the arbitration hearing scheduled for January 25,

2005, be postponed.

SIGNED UNDER THE PENALTIES OF PERJURY THIS ___/6___ DAY OF
NOVEMBER, 2005.

_____
Michael A. Feinberg, Esq.

# CARMICHAEL, ZAJAC & FLEURY, P.C.
## ATTORNEYS AT LAW

David M. Fleury, Esquire
(508) 821-2552, Ext.14
E-mail: attydmf@cs.com

March 2, 2005

**Via Facsimile-(1-617-338-7070) and Regular Mail**
Michael A. Feinberg, Esquire
Feinberg, Campbell & Zack, P.C.
177 Milk Street, Suite 300
Boston, MA 02109

**Via Facsimile-(1-617-242-0021) and Regular Mail**
Arbitration Board
Bricklayers & Allied Craftsmen Local 3, Eastern Massachusetts
550 Medford Street
Boston, Massachusetts 02129

**Via Facsimile-(1-617-242-0021) and Regular Mail**
Bricklayers & Allied Craftsmen Local 3, Eastern Massachusetts
550 Medford Street
Boston, Massachusetts 02129

RE:     UNI-CON FLOORS, INC. (UCF)

Dear Sir(s):

I was surprised to receive the arbitration decision regarding UNI-Con Floors, Incorporated (UCF). I am leaving aside for the moment what I perceive as factual errors in the decision. On the day of the arbitration, my secretary spoke with your office advising your assistant that I was ill and unable to attend, also adding that Mr. Pacheco was not in the state and requested a new arbitration date. I checked with her later in the day and confirmed the call wherein she stated that a facsimile had also been sent regarding the same. I was expecting to receive a new date for the arbitration, as the previous continuance was handled directly through your office.

I have only recently had the opportunity to speak with Mr. Pacheco to discuss the situation as he is still out of state and apologize for any delay. My client would like a new arbitration hearing and the opportunity to present a defense. Your failure to provide this will result in my client's not having any choice to appeal the arbitration decision, especially in light of the fact that the decision states that UCF and I did not request a continuance of the hearing but failed to attend. Nothing could be further from the truth.

---

Briefly, concerning the merits of the case, I provided you with documentary evidence that, in fact, John Pacheco did not own, control or have any association with American Floor Covering at the time the work was performed and this situation arose. Although it is true that Mr. Pacheco previously owned American Floor Covering, that company had been an idle, non-functioning corporate entity for many years. However, the decision stats that the union presented evidence that Mr. Pacheco owns American Floor Covering. It is inconceivable that such evidence could be presented, as it simply is untrue and is also evidenced by the corporate records on file with the Secretary of State.

I would very much appreciate your thoughts.

Very truly yours,

CARMICHAEL, ZAJAC & FLEURY, P.C.

David M. Fleury, Esquire

cc:    UNI-CON Floors, Inc.

# FEINBERG, CAMPBELL & ZACK, P.C.

### Attorneys at Law

177 Milk Street, Suite 300 • Boston, Massachusetts 02109

617-338-1976

Fax 617-338-7070   Toll Free 800-338-6004

MICHAEL A. FEINBERG
maf@fczlaw.com

CATHERINE M. CAMPBELL
cmc@fczlaw.com
Also admitted in California

ARTHUR G. ZACK
agz@fczlaw.com

JONATHAN M. CONTI
jmc@fczlaw.com
Also admitted in Connecticut
and Wisconsin

*VIA FACSIMILE: 508-821-2566*
*and Regular Mail*

March 2, 2005

David M. Fleury, Esq.
Carmichael, Zajac & Fleury, P.C.
170 High Street
Taunton, MA 02780

Re:    Uni-Con Floors, Inc. and Massachusetts Bricklayers
       and Masons Local No. 3

Dear Mr. Fleury:

I am in receipt of your letter dated March 2, 2005 in which, among other things, you suggest that you did not receive notice of the hearing held on January 25, 2005.

You state that on the day of the arbitration your secretary informed my assistant that you were "ill and unable to attend" and that Mr. Pacheco was out of the state and that you were requesting a new arbitration date.

More precisely, on the morning of December 21, 2004, your secretary informed my assistant that you had scheduled another matter for that day and that Mr. Pacheco was in Florida vacationing. At your request, the hearing scheduled for that day was postponed.

As my assistant informed David Frates of Uni-Con Floors, Inc. on February 23, 2005, a letter dated January 7, 2005 was sent to you on that date (a copy of which was faxed to him and is enclosed herein) informing you that the rescheduled hearing would be held on January 25, 2005 at the Bricklayers and Allied Craftsman Local Union No. 3's offices.

Not hearing any objection from you, the rescheduled hearing was held on January 25, 2005. The Arbitration Award as result of that hearing was forwarded to you by certified mail on February 8, 2005.

Now, after almost a month has passed from receipt of the Award, you inform me that you never received the January 7, 2005 letter. Obviously, your request for a rehearing under the circumstances you allege occurred is a matter that the Arbitration Board will have to consider before this matter proceeds any further. I note that your letter of March 2, 2005 was forwarded to the Arbitration Board. As soon as the Board makes a decision on your request you will be notified.

Very truly yours,

Michael A. Feinberg

MAF:klb
Enclosure

cc:    Charles Raso, Business Manager
       Bricklayers and Allied Craftsman Local Union No. 3

03/02/2005 13:40 FAX 15088212566          CARMICHAEL & ZAJAC, P.C.                                    ☒001

# CARMICHAEL, ZAJAC & FLEURY, P.C.
## ATTORNEYS AT LAW

David M. Fleury, Esquire
(508) 821-2552, Ext.14
E-mail: attydmf@cs.com

March 2, 2005

**Via Facsimile-(1-617-338-7070) and Regular Mail**
Michael A. Feinberg, Esquire
Feinberg, Campbell & Zack, P.C.
177 Milk Street, Suite 300
Boston, MA 02109

**Via Facsimile-(1-617-242-0021) and Regular Mail**
Arbitration Board
Bricklayers & Allied Craftsmen Local 3, Eastern Massachusetts
550 Medford Street
Boston, Massachusetts 02129

**Via Facsimile-(1-617-242-0021) and Regular Mail**
Bricklayers & Allied Craftsmen Local 3, Eastern Massachusetts
550 Medford Street
Boston, Massachusetts 02129

RE:    UNI-CON FLOORS, INC. (UCF)

Dear Sir(s):

I am in receipt of your facsimile of this date. I quite frankly do not understand the portions of your correspondence where you state "you suggest that you did not receive notice of the January 25, 2005 hearing" and "you inform me that you never received the January 7, 2005 letter." Nowhere in the correspondence is this suggested.

Further, your suggestion that I cancelled the first hearing by telephone on morning of December 21, 2004 is simply not accurate. That was a confirmatory call. Prior to the 21st, I had telephone and also corresponded to your office twice advising you that my client was out of state and unavailable for the hearing. (See attached correspondences dated 12/7/04 & 12/20/04).

I do not wish to make much of nothing, but I felt that a brief reply on the facts was in order.

---

170 HIGH STREET, TAUNTON, MASSACHUSETTS 02780

TELEPHONE: (508) 821-2552 -- FACSIMILE: (508) 821-2566 -- E-MAIL: czfdk@cs.com

Trial Attorneys Practicing in the State and Federal Courts of Massachusetts and Rhode Island

That said, I thank you for your time and attention to this matter and await the Board's decision.

Very truly yours,

CARMICHAEL, ZAJAC & FLEURY, P.C.

David M. Fleury, Esquire

cc:    UNI-CON Floors, Inc.