UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
************************************
UNI-CON FLOORS, INC.,              *
                    Plaintiff      *
vs.                                *
                                   *
BRICKLAYERS & ALLIED CRAFTSMEN     *
UNION, LOCAL 3- EASTERN            *
MASSACHUSETTS,                     *
                    Defendant      *
************************************
```

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I.   Introduction

This is an action to vacate an arbitration award. The Plaintiff, Uni-Con Floors, Inc. (hereinafter "UCF") also seeks a declaration of rights in accordance with the Declaratory Judgment Act 28 U.S.C §2201(a). The Plaintiff and Defendant are parties to a collective bargaining agreement (hereinafter "CBA") dated January 1, 2003. Article XV of said Agreement requires the "resolution of any dispute through a Plan of Arbitration."

On January 25, 2005, in summary, the Arbitration Board issued an award in favor of the Defendant herein and against the Plaintiff herein finding that the Plaintiff violated the terms of the CBA on a project known as the University of Massachusetts Dartmouth Project (hereinafter "project") due to its alleged ownership and control of a corporation known as American Floor Covering Incorporated (hereinafter "AFC").

The Plaintiff does not dispute the fact that it received proper notice of the January 25, 2005 arbitration hearing. The Plaintiff submits that as the arbitration hearing was conducted in the absence of UCF and counsel, despite notice of counsel's

1

unavailability on the morning of the hearing, that prior written notice with supporting documentation was provided evidencing that UCF and AFC received separate subcontracts for different work on the project and that UCF and AFC were and are separate Massachusetts Corporations, that there are genuine issues of material fact and that the Defendant is not entitled to judgment as a matter of law.

II.     Statement of Undisputed Material Facts

In accordance with Article X of the Agreement, the dispute over the alleged violation of the Agreement by UCF was to be heard by the Arbitration Board.

On November 2, 2004, the Defendant, through its President, Charles Raso, corresponded with John Pacheco, an employee of UCF, alleging violations Article I, §3 of the CBA by UCF concerning the project. The correspondence also contained an arbitration notice. In short, the violation alleged that the Plaintiff utilized a company known as American Floor Covering, Inc. (hereinafter "AFC") to perform contract work on the project.

The crux of the dispute concerned the alleged relationship between two (2) Massachusetts corporations: UCF and AFC. In response to the November 2, 2004 correspondence from Charles Raso, on November 24, 2004, counsel for UCF responded *inter alia* requesting information. (See attached **Exhibit A**). In said correspondence, the Plaintiff attempted to ascertain both the validity of the allegation and information and documentation supporting the alleged violation. No such information was provided. Thereafter, on December 7, 2004, counsel for UCF attempted to resolve the alleged arbitration violation by providing UCF's subcontract from the project and documentation on AFC from the Commonwealth of Massachusetts William Francis Galvin Secretary of

the Commonwealth. (See attached **Exhibit B**). In the December 7, 2004 correspondence, contrary to the assertions of the Defendant, counsel for Plaintiff first advised the Defendant that John Pacheco, an employee of UCF, was unavailable for the December 21, 2004 arbitration hearing. Thereafter, on December 20, 2004, having not received a reply to the December 7, 2004 correspondence, counsel for UCF again telephoned and corresponded via facsimile to the Defendant and ultimately the hearing for December 21, 2005 was rescheduled to January 25, 2005. (See attached **Exhibit C**). On January 25, 2005, the arbitration hearing was to be conducted. On the day of the hearing, counsel for UCF was ill and unable to attend. On the morning of January 25, 2005, a facsimile was sent and a telephone call was placed by the legal assistant for UCF's counsel to the Defendant advising the same. (See attached **Exhibit D**). In accordance therewith, UCF's counsel and Mr. Pacheco did not attend the hearing. Subsequent thereto, attempts were made by the Plaintiff to schedule an arbitration hearing wherein the Plaintiff could present its case. (See attached **Exhibit E**). These attempts proved fruitless and the pending litigation ensued.

It is undisputed that the UCF subcontract on the project was executed on October 15, 2004 (See attached **Exhibit F**). The UCF subcontract was not executed by John Pacheco. There is no mention whatsoever of AFC in UCF's subcontract on the project. UCF's work on the project was for carpet, VCT and rubber flooring. There was no sub-subcontract between UCF and AFC on the project.

The AFC subcontract on the project was voluntarily produced to counsel for UCF by AFC in an attempt to assist in the resolution of the alleged violation of the CBA. The AFC subcontract on the project was executed on October 29, 2004 (See attached **Exhibit**

3

G). There is no mention whatsoever of UCF in AFC's subcontract on the project. The AFC subcontract was not executed by John Pacheco or any officer or director of UCF. AFC's work on the project was for ceramic tile. There was no sub-subcontract between AFC and UCF on the project.

The official records maintained by The Commonwealth of Massachusetts William Francis Galvin, Secretary of the Commonwealth of Massachusetts, establish that there is no legal relationship between UCF and AFC or between AFC and John Pacheco for the time period at or around October 15, 2004 (when UCF executed the subcontract on the project).

In accordance with the official records maintained by The Commonwealth of Massachusetts William Francis Galvin, Secretary of the Commonwealth of Massachusetts, according to the 2004 Massachusetts Corporation Annual Report, John Pacheco was an officer of AFC. (See attached **Exhibit H**).

In accordance with the official records maintained by The Commonwealth of Massachusetts William Francis Galvin, Secretary of the Commonwealth of Massachusetts, on October 20, 2004 AFC filed a Statement of Change of Supplemental Information. (See attached **Exhibit I**). The supplemental information changed the principal office address and changed the directors, officers, secretary, treasurer and president. According to the Statement of Change of Supplemental Information, effective October 20, 2004, John Pacheco was no longer a director, officer, secretary, treasurer or president of AFC.

In accordance with the official records maintained by The Commonwealth of Massachusetts William Francis Galvin, Secretary of the Commonwealth of

Massachusetts, according to the UCF 2003 Massachusetts Corporation Annual Report, in 2003 John Pacheco was not officer of UCF. (See attached **Exhibit J**).

In accordance with the official records maintained by The Commonwealth of Massachusetts William Francis Galvin, Secretary of the Commonwealth of Massachusetts, according to the UCF 2004 Massachusetts Corporation Annual Report, in 2004 John Pacheco was not officer of UCF. (See attached **Exhibit K**).

In accordance with the official records maintained by The Commonwealth of Massachusetts William Francis Galvin, Secretary of the Commonwealth of Massachusetts, according to the UCF 2005 Massachusetts Corporation Annual Report, in 2005 John Pacheco was not officer of UCF. (See attached **Exhibit L**).

In accordance with the official records maintained by The Commonwealth of Massachusetts William Francis Galvin, Secretary of the Commonwealth of Massachusetts, AFC and UCF maintained and maintain separate business addresses. (See attached Exhibits **H, I, J, K & L**).

Finally, it is notable that, as discussed during the Status Conference conducted on December 28, 2005, discovery is not complete and counsel for the Plaintiff specifically addressed the need for discovery concerning the arbitration board hearing record making a motion for summary judgment premature.

III.     Argument

A. Summary Judgment Standard

In accordance with Federal Rules of Civil Procedure, Rule 56(b) & (c), summary judgment for the defending party is only appropriate if in fact there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. A motion

for summary judgment can only be granted when the evidence shows that there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law, Fed. R. Civ. P. 56, *Abreu-Guzmán v. Ford*, 241 F.3d 69, 73 (1st Cir. 2001).

"The criteria are familiar: a court may grant summary judgment if the <u>nisi prius</u> roll discloses no genuine issue of material fact and if, viewing the entire record in the light most flattering to the nonmovant, the proponent demonstrates its entitlement to judgment as a matter of law." *Perkins v. Brigham & Women's Hospital*, 78 F.3d 747, 748 (1st Cir. 1996);

Summary judgment should be denied where material factual questions exist. *Feliciano-Angulo v. Rivera-Cruz*, 858 F.2d 40, 47 (1st Cir. 1988). In fact, the existence of one material fact in dispute satisfies the non-moving party's burden in opposing a summary judgment motion. *Darr v. Muratore*, 8 F.3d 854, 859 (1st Cir. 1993).

B.  Defendant is Not Entitled to Enforcement of the Arbitration Award Pursuant to the Standard of Review of Arbitration Awards in Accordance With the Labor Management Act §301.

Under the RLA, an award by a Public Law Board can be set aside only if: (1) the Board failed to comply with the requirements of the RLA; (2) the Board exceeded its jurisdiction; or (3) the award was the product of fraud or corruption. 45 U.S.C. § 153 First (q). The limited scope of judicial review "is not the equivalent to granting limitless power to the arbitrator." *Georgia-Pacific Corp. v. Local 27, United Paperworkers Intern. Co.*, 864 F.2d 940, 944 (1st Cir. 1989).

The scope of review is limited to claims that the arbitrator's decision is: "(1) unfounded in reason and fact; (2) based on reasoning so palpably faulty that no judge, or

group of judges, ever could conceivably have made such a ruling; or (3) mistakenly based on a crucial assumption that is concededly a non-fact." *Local 1445 United Food and Commercial Workers Int'l Union v. Stop & Shop Cos.*, 776 F.2d 19, 21 (1st Cir. 1985).

This Court may set aside an arbitrator's decision if "it can be shown that the arbitrator acted in a way for which neither party could [possibly] have bargained." *Local 1145, United Food & Commercial Workers Int'l Union v. Stop & Shop Cos.*, 776 F.2d 19, 21 (1st Cir. 1985).

> B. 1. The Arbitration Award is unfounded in reason and fact; the Arbitration Award is based upon reasoning so palpably faulty that no judge or group of judges could ever conceivably have made such a ruling; the Arbitration Award is mistakenly based on a crucial assumption that is concededly a non-fact; the Arbitration Award does not draw its essence from the terms and conditions of the CBA.

The Board was obligated and bound by the terms and conditions of Article 1, Section 4 of the CBA which provides: "if and when the Employer shall perform any job site construction work...., under its own name or under the name of another, as a corporation, company, partnership or other business entity, including a joint venture, wherein the employer, through its officers, directors, partners or shareholders, exercise either directly or indirectly, any significant degree of management, control or ownership, the terms and conditions of this Agreement shall be applicable to all such work.." (Emphasis supplied).

The Plaintiff does not dispute that the CBA was in existence at the time when this project was commenced. However, although UCF was a party to this CBA, AFC was not.

It is undisputed that the UCF subcontract was executed on October 15, 2004 and was not executed by John Pacheco. (See attached **Exhibit F**). It is undisputed that the AFC

7

subcontract was executed on October 29, 2004 and was not executed by John Pacheco. (See attached **Exhibit G**).

The Board held that John Pacheco was an officer of AFC and the principal officer of UCF. Logically, the relevant time period for this holding must be at the time period when the subcontract(s) were formed and cannot be open ended. This is simply not factually accurate a evidenced below by independent documentation. This holding by the Board is not permissible under the RLA, can be set aside and is within the scope of review by this Court.

It is undisputed, and is admitted by the Defendant, that on October 20, 2004, AFC filed a Statement of Change of Supplemental Information with The Commonwealth of Massachusetts William Francis Galvin, Secretary of the Commonwealth of Massachusetts. (See attached **Exhibit I**). Accordingly, it is therefore undisputed and admitted by the Defendant that effective October 20, 2004, John Pacheco was no longer a president, treasurer, secretary or director of AFC. Likewise, it is therefore undisputed and admitted by the Defendant that effective October 20, 2004, a third party was the president, treasurer, secretary or director of AFC. Therefore, it is undisputed that at the time the AFC subcontract was executed on October 29, 2004, John Pacheco was no longer a president, treasurer, secretary or director of AFC.

In accordance with the official records maintained by The Commonwealth of Massachusetts William Francis Galvin, Secretary of the Commonwealth of Massachusetts, according to the UCF 2003 Massachusetts Corporation Annual Report, in 2003 John Pacheco was not officer of UCF. (See attached **Exhibit J**).

In accordance with the official records maintained by The Commonwealth of Massachusetts William Francis Galvin, Secretary of the Commonwealth of Massachusetts, according to the UCF 2004 Massachusetts Corporation Annual Report, in 2004 John Pacheco was not officer of UCF. (See attached **Exhibit K**).

In accordance with the official records maintained by The Commonwealth of Massachusetts William Francis Galvin, Secretary of the Commonwealth of Massachusetts, according to the UCF 2005 Massachusetts Corporation Annual Report, in 2005 John Pacheco was not officer of UCF. (See attached **Exhibit L**).

In accordance with the official records maintained by The Commonwealth of Massachusetts William Francis Galvin, Secretary of the Commonwealth of Massachusetts, AFC and UCF maintained and maintain separate business addresses. (See attached Exhibits **H, I, J, K & L**)

Accordingly, the holding by the Board that John Pacheco was an officer of AFC and a principal officer of UCF (at the relevant time when the subcontracts were executed) is a factual impossibility.

The Defendant in its Memorandum mistakenly argues and concludes that John Pacheco's alleged association with AFC (which again was until and ending on October 20, 2004) while being associated with UCF placed UCF in violation of the CBA. It is again noteworthy that from 2003 to the president, John Pacheco has not been an officer, director, treasurer or president of UCF but was simply an employee of UCF. It is undisputed that the UCF subcontract on the project was executed on October 15, 2004. However, the Defendant mistakenly omits the fact that AFC was not in the project on October 15, 2004 when the alleged violation occurred and in fact did not enter its

subcontract until October 29, 2004, well after the alleged CBA violation occurred and at a time when neither John Pacheco nor UCF was an officer or director of AFC.

Further, in accordance with the official records maintained by The Commonwealth of Massachusetts William Francis Galvin, Secretary of the Commonwealth of Massachusetts, according to the UCF 2003, 2004 and 2005 Massachusetts Corporation Annual Reports, specifically in 2004 when the alleged CBA violation occurred, John Pacheco was not officer of UCF. (See attached **Exhibit(s) J, K & L**).

Therefore, it is a factual impossibility that UCF through John Pacheco violated the CBA as held by the Board.

Therefore, the Board's award does not draw its essence from the terms of the CBA, is unfounded in reason and fact, is based upon reasoning so palpably faulty that no judge or group of judges could ever conceivably have made such a ruling, is mistakenly based on a crucial assumption that is concededly a non-fact and therefore cannot be enforced.

The aforementioned facts concerning the two subcontracts, the two separate corporations, the officers and directors of UCF and AFC and the relevant time periods concerning the time when the subcontracts were executed are disputed material facts warranting denial summary judgment.

B. 2. The Arbitration Hearing Should have Been Rescheduled due to Counsel's Unavailability

The Plaintiff does not contest the fact that it received proper notice of the January 25, 2005 Arbitration Hearing.

In the December 7, 2004 correspondence (see attached **Exhibit B**), contrary to the assertions of the Defendant, counsel for Plaintiff first advised the Defendant that John

Pacheco of UCF was unavailable for the December 21, 2004 arbitration hearing. Thereafter, on December 20, 2004, having not received a reply to the December 7, 2004 correspondence, counsel for UCF again telephoned and corresponded via facsimile to the Defendant and ultimately the hearing for December 21, 2005 was rescheduled to January 25, 2005. (See attached **Exhibit C**). On January 25, 2005, the arbitration hearing was to be conducted. On the day of the hearing, counsel for UCF was ill and unable to attend. On the morning of January 25, 2005, a facsimile was sent and a telephone call was placed by the legal assistant for UCF's counsel to the Defendant advising the same. (See attached **Exhibit D**). In accordance therewith, UCF' counsel and Mr. Pacheco did not attend the hearing. Subsequent thereto, attempts were made by the Plaintiff to schedule an arbitration hearing wherein the Plaintiff could present its case. (See attached **Exhibit E**).

Therefore, as UCF sought a timely postponement and was prejudiced by not attending the hearing, the Board's award should not be enforced.

IV.  Conclusion

For the aforementioned reasons, this Court should DENY the Plaintiff's Motion for Summary Judgment.

    Respectfully submitted,
    For the Plaintiff,
    By its attorney,

    David M. Fleury, Esquire, B.B.O. #553860
    Carmichael, Zajac & Fleury, P.C.
    170 High Street
    Taunton, MA 02780
    (508) 821-2552

Dated: January 5, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
UNI-CON FLOORS, INC.,                   \*
                        Plaintiff       \*
vs.                                     \*
                                        \*
BRICKLAYERS & ALLIED CRAFTSMEN          \*
UNION, LOCAL 3- EASTERN                 \*
MASSACHUSETTS,                          \*
                        Defendant       \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AFFIDAVIT OF DAVID M. FLEURY IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1. I am David M. Fleury, Esquire of the law firm of Carmichael, Zajac & Fleury, P.C. and I am one of the attorneys in this office for the Plaintiff, Uni-Con Floors, Incorporated.

2. On November 2, 2004, the Defendant, through its President, Charles Raso, corresponded with John Pacheco, an employee of UCF, alleging violations Article I, §3 of the CBA by UCF concerning the project. The correspondence also contained an arbitration notice.

3. In response to the November 2, 2004 correspondence from Charles Raso, on November 24, 2004, I responded *inter alia* requesting information. (See attached **Exhibit A**).

4. In said correspondence, I attempted to ascertain both the validity of the allegation and information and documentation supporting the alleged violation.

5. No such information was provided.

6. Thereafter, on December 7, 2004, I attempted to resolve the alleged arbitration violation by providing UCF's subcontract from the project and documentation on AFC from the Commonwealth of Massachusetts William Francis Galvin Secretary of the Commonwealth. (See attached **Exhibit B**).

7. In the December 7, 2004 correspondence, contrary to the assertions of the Defendant, I then first advised the Defendant that John Pacheco, an employee of UCF, was unavailable for the December 21, 2004 arbitration hearing.

8. Thereafter, on December 20, 2004, having not received a reply to the December 7, 2004 correspondence, I again telephoned and corresponded via facsimile to the Defendant and ultimately the hearing for December 21, 2005 was rescheduled to January 25, 2005. (See attached **Exhibit C**).

9. On January 25, 2005, the arbitration hearing was to be conducted. On the day of the hearing, I was ill and unable to attend. On the morning of January 25, 2005, a facsimile was sent and a telephone call was placed by my legal assistant advising the same. (See attached **Exhibit D**). I confirmed this with the legal assistant later that day.

10. In accordance therewith, I and Mr. Pacheco did not attend the hearing.

11. The union refused to submit to a subsequent arbitration hearing wherein UCF and counsel could be present and defend the alleged violation of the CBA.

12. Subsequent thereto, attempts were made by to schedule an arbitration hearing wherein the Plaintiff could present its case. (See attached **Exhibit E**). These attempts proved fruitless and the pending litigation ensued.

3

13. The Complaint was filed in the case at bar as the associated time limitation was tolling.

14. Not until after the Complaint was filed and the associated time limitation had tolled did the Defendant respond to my written request for another arbitration hearing wherein I and UCF could attend and present its case.

Signed this 5th day of January, 2006 under the penalties of perjury.

_____
David M. Fleury, Esquire