UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNI-CON FLOORS, INC., | \* |
| Plaintiff | \* |
| vs. | \* |
| | \* |
| BRICKLAYERS & ALLIED CRAFTSMEN | \* |
| UNION, LOCAL 3- EASTERN | \* |
| MASSACHUSETTS, | \* |
| Defendant | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1. In accordance with Article X of the Collective Bargaining Agreement (hereinafter "CBA"), the dispute over the alleged violation of the Agreement by UCF was to be heard by the Arbitration Board.

2. On November 2, 2004, the Defendant, through its President, Charles Raso, corresponded with John Pacheco, an employee of UCF, alleging violations Article I, §3 of the CBA by UCF concerning the project. The correspondence also contained an arbitration notice.

3. In short, the violation alleged that the Plaintiff utilized a company known as American Floor Covering, Inc. (hereinafter "AFC") to perform contract work on the project.

4. The crux of the dispute concerned the alleged relationship between two (2) Massachusetts corporations: UCF and AFC.

5. In response to the November 2, 2004 correspondence from Charles Raso, on November 24, 2004, counsel for UCF responded *inter alia* requesting information. (See attached **Exhibit A**).

1

6. In said correspondence, the Plaintiff attempted to ascertain both the validity of the allegation and information and documentation supporting the alleged violation.

7. No such information was provided.

8. Thereafter, on December 7, 2004, counsel for UCF attempted to resolve the alleged arbitration violation by providing UCF's subcontract from the project and documentation on AFC from the Commonwealth of Massachusetts William Francis Galvin Secretary of the Commonwealth. (See attached **Exhibit B**).

9. In the December 7, 2004 correspondence, contrary to the assertions of the Defendant, counsel for Plaintiff first advised the Defendant that John Pacheco, an employee of UCF, was unavailable for the December 21, 2004 arbitration hearing.

10. Thereafter, on December 20, 2004, having not received a reply to the December 7, 2004 correspondence, counsel for UCF again telephoned and corresponded via facsimile to the Defendant and ultimately the hearing for December 21, 2005 was rescheduled to January 25, 2005. (See attached **Exhibit C**).

11. On January 25, 2005, the arbitration hearing was to be conducted. On the day of the hearing, counsel for UCF was ill and unable to attend. On the morning of January 25, 2005, a facsimile was sent and a telephone call was placed by the legal assistant for UCF's counsel to the Defendant advising the same. (See attached **Exhibit D**).

12. In accordance therewith, UCF's counsel and Mr. Pacheco did not attend the hearing.

13. The union refused to submit to a subsequent arbitration hearing wherein UCF and counsel could be present and defend the alleged violation of the CBA.

14. Subsequent thereto, attempts were made by the Plaintiff to schedule an arbitration hearing wherein the Plaintiff could present its case. (See attached **Exhibit E**). These attempts proved fruitless and the pending litigation ensued.

15. The UCF subcontract on the project was executed on October 15, 2004 (See attached **Exhibit F**).

16. The UCF subcontract was not executed by John Pacheco.

17. There is no mention whatsoever of AFC in UCF's subcontract on the project.

18. UCF's work on the project was for carpet, VCT and rubber flooring.

19. There was no sub-subcontract between UCF and AFC on the project.

20. The AFC subcontract on the project was executed on October 29, 2004 (See attached **Exhibit G**).

21. There is no mention whatsoever of UCF in AFC's subcontract on the project.

22. The AFC subcontract was not executed by John Pacheco or any officer or director of UCF.

23. AFC's work on the project was for ceramic tile.

24. There was no sub-subcontract between AFC and UCF on the project.

25. The official records maintained by The Commonwealth of Massachusetts William Francis Galvin, Secretary of the Commonwealth of Massachusetts, establish that there is no legal relationship between UCF and AFC or between

AFC and John Pacheco for the time period at or around October 15, 2004 (when UCF executed the subcontract on the project).

26. In accordance with the official records maintained by The Commonwealth of Massachusetts William Francis Galvin, Secretary of the Commonwealth of Massachusetts, according to the 2004 Massachusetts Corporation Annual Report, John Pacheco was an officer of AFC. (See attached **Exhibit H**).

27. In accordance with the official records maintained by The Commonwealth of Massachusetts William Francis Galvin, Secretary of the Commonwealth of Massachusetts, on October 20, 2004 AFC filed a Statement of Change of Supplemental Information. (See attached **Exhibit I**).

28. The supplemental information changed the principal office address and changed the directors, officers, secretary, treasurer and president.

29. According to the Statement of Change of Supplemental Information, effective October 20, 2004, John Pacheco was no longer a director, officer, secretary, treasurer or president of AFC.

30. In accordance with the official records maintained by The Commonwealth of Massachusetts William Francis Galvin, Secretary of the Commonwealth of Massachusetts, according to the UCF 2003 Massachusetts Corporation Annual Report, in 2003 John Pacheco was not officer of UCF. (See attached **Exhibit J**).

31. In accordance with the official records maintained by The Commonwealth of Massachusetts William Francis Galvin, Secretary of the Commonwealth of Massachusetts, according to the UCF 2004 Massachusetts Corporation Annual

Report, in 2004 John Pacheco was not officer of UCF. (See attached **Exhibit K**).

32. In accordance with the official records maintained by The Commonwealth of Massachusetts William Francis Galvin, Secretary of the Commonwealth of Massachusetts, according to the UCF 2005 Massachusetts Corporation Annual Report, in 2005 John Pacheco was not officer of UCF. (See attached **Exhibit L**).

33. In accordance with the official records maintained by The Commonwealth of Massachusetts William Francis Galvin, Secretary of the Commonwealth of Massachusetts, AFC and UCF maintained and maintain separate business addresses. (See attached Exhibits **H, I, J, K & L**).

34. As discussed during the Status Conference conducted on December 28, 2005, discovery is not complete and counsel for the Plaintiff specifically addressed the need for discovery concerning the arbitration board hearing record making a motion for summary judgment premature.

Respectfully submitted,

For the Plaintiff,

By its attorney,

_____
David M. Fleury, Esquire, B.B.O. #553860
Carmichael, Zajac & Fleury, P.C.
170 High Street
Taunton, MA 02780
(508) 821-2552

Dated: January 5, 2006