UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
UNI-CON FLOORS, INC.           )
                 Plaintiff,    )
                               )
v.                             )   C.A. No.:  05-10463 NG
                               )
BRICKLAYERS & ALLIED CRAFTSMEN )
UNION, LOCAL 3 – EASTERN       )
MASSACHUSETTS                  )
                 Defendant.    )
_____)
```

REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Defendant Bricklayers and Allied Craftsmen, Local No. 3, Eastern Massachusetts (hereinafter "Local 3" or "Union") moves for Summary Judgment and the enforcement of an arbitration award. As Plaintiff Uni-Con Floors, Inc., was properly notified of the arbitration hearing but failed to attend, and the award draws its essence from the collective bargaining agreement, Defendant's motion should be granted.

I.      Plaintiff Was Properly Notified of the January 25, 2005 Arbitration Hearing.

It is undisputed that Plaintiff received proper notice of the January 25, 2005 arbitration hearing via a letter from Attorney Michael Feinberg dated January 7, 2005.[1] Plaintiff therefore had two weeks in which to request a postponement of the hearing. Nonetheless, neither Local 3 nor Attorney Feinberg received any communication from Plaintiff or Attorney Fleury prior to the holding of the arbitration hearing.

Plaintiff claims that the hearing should have been rescheduled because Attorney Fleury was ill and could not attend, and because John Pacheco was in Florida and

---

[1] "The Plaintiff does not dispute the fact that it received proper notice of the January 25, 2005 arbitration hearing." (Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, p. 1).

therefore also unavailable. Plaintiff also contends that Attorney Fleury's secretary telephoned Attorney Feinberg's office on the morning of the arbitration hearing and requested a postponement for these reasons, and that she also sent a facsimile to Attorney Feinberg reiterating the postponement request.

The first problem with Plaintiff's argument is that no such phone call to Attorney Feinberg's office was ever made. (Affidavit of Michael A. Feinberg, ¶ 8). Second, the document submitted by Plaintiff (Exhibit D, attached to Attorney Fleury's Affidavit), was never sent to Attorney Feinberg's office on January 25, 2005. (Second Affidavit of Michael A. Feinberg, ¶¶ 2-3 ). Critically, Plaintiff has not submitted a fax confirmation page showing when and to whom the document was allegedly sent. Moreover, Plaintiff's Exhibit D does not even contain Attorney Feinberg's fax number on it.

Third, even assuming that Attorney Fleury was indeed ill on the morning in question, he knew or should have known, prior to the morning of the hearing, that Mr. Pacheco was still in Florida. Attorney Fleury therefore should not have waited until the morning of the hearing to advise Local 3 and Attorney Feinberg of Mr. Pacheco's unavailability. Critically, Plaintiff does not contend that Attorney Fleury planned on representing Uni-Con Floors at the arbitration hearing on his own, without Mr. Pacheco, but for his late-developing illness.

Even assuming that Attorney Fleury's secretary did notify Attorney Feinberg's office on the morning of January 25, 2005 of the need for a postponement, Uni-Con could have sent someone from the Company to the arbitration hearing to explain that Mr. Pacheco and Attorney Fleury were unavailable. This was never done, even though

Plaintiff never received confirmation from Attorney Feinberg, Local 3, or the Arbitration Board that Uni-Con's request for a postponement had been received, let alone granted.

While Plaintiff believes that because it (allegedly) requested a postponement of the arbitration hearing, it was entitled to one, this argument has been rejected by the courts: "A party to an arbitration proceeding conducted pursuant to a collective bargaining agreement . . . is not entitled to a postponement merely by requesting one." *Painters Local Union No. 171 v. Williams & Kelly, Inc.,* 605 F.2d 535, 538 (10th Cir. 1979), quoting *Local Union No. 251 v. Narragansett Improvement Company,* 503 F.2d 309 (1st Cir. 1974). In addition, "while 'all parties in an arbitration proceeding are entitled to notice and an opportunity to be heard' . . . due process is not violated if the hearing proceeds in the absence of one of the parties when that party's absence is the result of his decision not to attend." *Seawall & Kove v. Bosarge,* 813 F.2d 726, 729 (5th Cir. 1987), quoting *Totem Marine Tug & Barge, Inc. v. North American Towing*, 607 F.2d 649, 651 (5th Cir. 1979).

Plaintiff had two options here: request a postponement at a reasonable time in advance of the hearing, i.e., some time ***prior to the morning of the arbitration hearing***; or send someone from the company to attend the arbitration hearing to, at the very least, explain the circumstances and request another postponement. Plaintiff did neither.

Moreover, Plaintiff had already received two postponements of the arbitration hearing, from December 2, 2004 to December 21, 2004, and then from December 21, 2004 to January 25, 2005. (Affidavit of Charles Raso, ¶¶ 8-11 ). "The basic purpose of arbitration is to dispose of disputes without excessive delay and expense." *Local Union No. 251 v. Narragansett Improvement Company,* 503 F.2d 309, 312 (1st Cir. 1974).

In any event, even if the Arbitration Board had been properly notified of the January 25, 2005, postponement request, it still would have been in the Board's discretion to deny the postponement request considering the numerous past delays and Uni-Con's failure to provide a reasonable basis for not attending the hearing.

II.  By Failing to Attend the Arbitration Hearing, Plaintiff is Estopped from Raising Defenses that Could Have Been Asserted at the Arbitration Hearing.

As Plaintiff chose not to attend the arbitration hearing despite proper notice, it cannot now assert defenses that it could have asserted at the hearing. "In an action to enforce or vacate an arbitration award, a party may not assert a defense on the merits that was not submitted to the arbitrator." *United Steelworkers of America v. American Smelting and Refining Co.,* 648 F. 2d 863 (3rd Cir. 1981). Plaintiff therefore waived its right to assert a defense that Mr. Pacheco was not an officer or director of either Uni-Con Floors or American Floor Covering, Inc., at the time of the alleged contract violation. *International Molders and Allied Workers Union, Local No. 1 v. Eastern Non-Ferrous Foundry, Inc.,* 1985 U.S. Dist. LEXIS 12707 (E.D. Pa.) (December 17, 1985).

III.  The Arbitration Board's Award Draws its Essence from the Collective Bargaining Agreement.

The Arbitration Board rendered an award based upon the evidence before it. That evidence established that John Pacheco was the principal officer of Uni-Con Floors and American Floor Covering, and that Uni-Con Floors had used American Floor Covering to complete work covered by Local 3's collective bargaining agreement.

Plaintiff first asserts that Mr. Pacheco was not an officer of Uni-Con Floors as of 2004. The problem with this claim, however, is that as of October 2004, John Pacheco was holding himself out to be the Chief Executive Officer of Uni-Con Floors. Just a

month earlier, in September 2004, the Massachusetts Bricklayers and Masons Trust Funds and Uni-Con had entered into a settlement agreement concerning past due contributions for work performed by members of Local 3. (Second Affidavit of Charles Raso, ¶ 3; Exhibit 1). Jon Pacheco not only signed the settlement agreement on September 12, 2004 on behalf of Uni-Con Floors and listed his title as "CEO" of the Company, but he also signed a personal guaranty of payment and performance for the amount of contributions owed to the Funds. (Second Raso Aff., ¶ 5; Exhibit 2 ).

Furthermore, as of October 19, 2004, just ten days prior to American Floor Covering entering into a contract with Suffolk Construction for the UMass-Dartmouth project, John Pacheco was the President, Treasurer, Secretary, and Director of American Floor Covering. (Raso Aff., ¶ 13, Exhibit H ). The Arbitration Board therefore still could have found that Uni-Con violated Article I, Section 3 of the agreement when it used American Floor Covering to do bargaining unit work by "exercis[ing] either directly or indirectly (such as through family members) any significant degree of management, control or ownership".[2]

Based upon the evidence before it, therefore, the Arbitration Board issued an award consistent with the terms of the collective bargaining agreement. The Arbitration Board's award should therefore be enforced, and Local 3's Motion for Summary Judgment should be granted in its entirety.

---

[2] Indeed, a review of the corporate filings of Uni-Con and American Floor Covering shows that the new President, Treasurer and Secretary of American Floor Covering as of October 23, 2004, was Avraham Weizman (Plaintiff's Exhibit I), while Kristine Weizman, who has the same address as Avraham Weizman, is the Treasurer for Uni-Con Floors, Inc. (Second Raso Aff., ¶ 6; Exhs. 3, 4). Both Avraham and Kristine Weizman have the same 5 Granada Drive in Westport, Massachusetts address as Jamie Pacheco, who is a Director of Uni-Con Floors. (Second Raso Aff., ¶ 7; Exhs. 3, 4). John Pacheco also maintained the 5 Granada Drive, Westport, Massachusetts address when he was the President, Treasurer, and Clerk of American Floor Covering, Inc. until October 20, 2004. (Second Raso Aff., ¶ 8; Exh. 4).

        Respectfully submitted,

        For Defendant Bricklayers and
        Allied Craftsmen Local 3
        Eastern Massachusetts

        By its Attorney

        /s/ Jonathan M. Conti
        Jonathan M. Conti, BBO#657163
        Feinberg, Campbell & Zack, P.C.
        177 Milk Street
        Boston, MA 02109
        (617) 338-1976

Dated this 20th day of January 2006.