UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNI-CON FLOORS, INC.
        Plaintiff,

v.                                                                  C.A. No.: 05-10463 NG

BRICKLAYERS & ALLIED CRAFTSMEN
UNION, LOCAL 3 – EASTERN
MASSACHUSETTS
        Defendant.

SECOND AFFIDAVIT OF CHARLES RASO

Charles Raso deposes and states as follows:

1. My name is Charles Raso. I am President/Secretary Treasurer of Bricklayers and Allied Craftsmen Local No. 3, Eastern Massachusetts ("Local 3" or "Union"). My office is located at 550 Medford Street, Boston, Massachusetts 02129. As President/Secretary-Treasurer, I am responsible for the day-to-day administration of Local 3, including the maintenance and oversight of all its activities.

2. I am also union co-chair of the joint Arbitration Board (hereinafter referred to as "Arbitration Board"). Therefore, I am familiar with the collective bargaining agreements of Local 3 and the awards issued by the Arbitration Board.

3. In September 2004, the Massachusetts Bricklayers and Masons Trust Funds and Uni-Con Floors, Inc., entered into a Settlement Agreement, attached

hereto as Exhibit 1, concerning past due contributions for work performed by members of Local 3.

4. Jon Pacheco signed the Settlement Agreement on September 12, 2004 on behalf of Uni-Con Floors and listed his title as "CEO" of the Company.

5. On September 12, 2004, John Pacheco signed a Personal Guaranty of payment and performance, attached hereto as Exhibit 2, for the amount of contributions owed to the Funds pursuant to the September 2004 Settlement Agreement.

6. According to documentation filed with the Commonwealth of Massachusetts, attached hereto as Exhibits 3 and 4, Kristine Weizman is the Treasurer and a Director of Uni-Con Floors, Inc., and maintains an address of 5 Granada Drive, Westport, Massachusetts.

7. According to documentation filed with the Commonwealth of Massachusetts, attached hereto as Exhibits 3 and 4, Jamie Pacheco is a Director of Uni-Con Floors, Inc., and maintains an address of 5 Granada Drive, Westport, Massachusetts.

8. According to documentation filed with the Commonwealth of Massachusetts, attached hereto as Exhibit 5, John Pacheco also maintained the 5 Granada Drive, Westport, Massachusetts address when he was the President, Treasurer, and Clerk of American Floor Covering, Inc. until October 20, 2004.

SIGNED UNDER THE PENALTIES OF PERJURY THIS __18__ DAY OF JANUARY, 2006.

_____
Charles Raso

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into between the Massachusetts Bricklayers and Masons Trust Funds (collectively the "Funds") and Uni-Con Floors, Inc. ("Uni-Con").

## RECITALS

WHEREAS, Uni-Con is a party to collective bargaining agreements (CBAs) with Bricklayers and Allied Craftsmen Local 3, Eastern Massachusetts (Local 3) which obligates it to make benefit contributions to the Funds;

WHEREAS, Uni-Con is delinquent in the payment of such contributions pursuant to the aforementioned CBAs;

WHEREAS, Uni-Con owes to the Fund benefit contributions, calculated pursuant to its remittance reports, a sum of Seven-Nine Thousand Nine Hundred And Thirty-Five Dollars And Sixty Cents ($79,935.60);

WHEREAS, Uni-Con owes contributions for work performed at the Jordan Furniture Project in Reading, MA;

WHEREAS, the parties are desirous of settling all differences between them; and

WHEREAS, the Trustees of the Funds have approved this Agreement;

NOW THEREFORE, in consideration of the mutual undertakings set forth below, it is agreed by the Funds and the Uni-Con as follows:

## PAYMENT

1. Uni-Con will pay a sum of Thirty Thousand Dollars And Zero Cents ($30,000) to the Funds by check made payable to the Massachusetts Bricklayers and Masons Trust Funds and delivered no later than September 28, 2004 to the office of Fund Counsel, Feinberg, Campbell & Zack, P.C., c/o Catherine M. Campbell, 177 Milk Street, Suite 300, Boston, MA 02109.

2. Uni-Con will pay a sum of Twenty-Four Thousand Two Hundred Twenty-One Dollars And Forty-Six Cents ($24,221.46) to the Funds no later than October 20, 2004. The Funds agree to accept as payment of this sum, a joint party check issued by Jackson Construction Co. made pursuant to the Joint Check Agreement (Exhibit 1) signed simultaneously with this Settlement Agreement.

3. Uni-Con will be solely responsible for ensuring that a) the check is issued as indicated in the Joint Check Agreement and b) the check is delivered no later than October 20, 2004 to the office of Fund Counsel.

4. Uni-Con will send to Fund Counsel's office no later than October 10, 2004, remittance reports indicating the hours and contributions owed to the Fund for work performed within the scope of its collective bargaining agreement with Local 3 at the Jordan Furniture project in Reading, MA.

5. Uni-Con will pay to the Funds a sum of Twenty-Five Thousand Seven Hundred Fourteen Dollars and Fourteen Cents ($25,714.14) plus contributions owed as indicated on the remittance reports described in Paragraph 5. Payments will be made in monthly installments of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) with interest accruing at the contract rate of 1.5% per month, compounded monthly. Checks will be made payable to the Massachusetts Bricklayers and Masons Trust Funds, delivered to Fund Counsel as set forth in Paragraph One and made in accordance with the Amortization Schedule to be prepared by Fund Counsel.

6. On or before January 1, 2005, Uni-Con will pay Ten Thousand Dollars and Zero Cents ($10,000) on the balance of the Principal amount owed on that date and continue to make monthly payments on the adjusted Principal amount with interest accruing at 1.5% per month,

compounded monthly. Payments will be made as set forth in the Amortization Schedule prepared by Fund Counsel.

7. The Funds reserve the right to audit the payroll records of Uni-Con for the delinquency period and to collect such additional sums as may be owed pursuant to the audit.

8. All future contributions owed to the Funds in accordance with the CBAs and the Funds' Agreements and Declarations of Trust will be made on a weekly basis until all delinquencies are paid. Payment for future contributions will be made payable to the Massachusetts Bricklayers and Masons Trust Funds and sent directly to the Funds office.

9. Failure to make any payment or contribution as stated in this agreement will result in a default of this agreement. In the event of such default, the Funds retain the right to pursue all remedies available to the Funds for the collection of delinquent contributions under the collective bargaining agreement and the Employee Retirement Income Security Act of 1974 (ERISA) including interest, liquidated damages, costs and fees.

10. In order to secure payments set forth above, John Pacheco will execute a personal guarantee attached hereto as Exhibit 2.

11. This Agreement may not be altered, amended, modified or otherwise changed in any respect whatsoever, except by a dated writing duly executed by the parties to this Agreement or their authorized representatives. No provision of this Agreement may be waived orally or by the parties' conduct.

12. In the event that any provision of this Agreement is unenforceable, or is held by any agency or court to be unenforceable, the validity of the remaining provisions shall not be affected and the unenforceable provisions shall be deemed not to be a part of this Agreement. This

document and its terms shall be construed and enforced as if such unenforceable provision had never comprised a part hereof.

13. This Agreement shall be deemed to have been entered into in Boston, Massachusetts. This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts without reference to conflict of laws, rules, or principles and without regard to the present or future domiciles of the parties.

14. This Agreement is the result of joint negotiation and preparation. Thus, any ambiguity or lack of clarity shall not be construed against any party by virtue of the fact that the specific language at issue may have been, or was, prepared by that party.

15. The parties signing below represent and warrant that they have actual authority to bind their respective parties:

| MASSACHUSETTS BRICKLAYERS AND MASONS TRUST FUNDS | UNI-CON FLOORS, INC. |
|---|---|
| By: *[signature]* | By: *[signature]* |
| Name: Charles Raso | Name: John Pacheco |
| Title: Trustee | Title: CEO |
| Dated: 9/14/04 | Dated: 09/12/04 |

GUARANTY OF JOHN PACHECO

GUARANTY, dated as of 09/12/04, by John Pacheco (the "Guarantor"), in favor of Massachusetts Bricklayers and Masons Trust Funds (the "Funds"). In consideration of the Funds' giving, in its discretion, time, credit or accommodations to Uni-Floors, Inc. ("Uni-Con," together with its successors, the "Debtor") pursuant to Settlement Agreement between the Funds and Uni-Con of even date (the "Agreement") and for other good and valuable consideration, the receipt and sufficiency of which by Guarantor is hereby acknowledged, the Guarantor agrees as follows:

1. <u>Guaranty of Payment and Performance</u>. The Guarantor hereby guarantees to the Funds the full and punctual payment when due (whether at maturity, by acceleration or otherwise), and the performance, of all liabilities, agreements and other obligations of the Debtor to the Funds, whether direct or indirect, absolute or contingent, due or to become due, secured or unsecured, now existing or hereafter arising out of the Settlement Agreement (the "Obligations"). This Guaranty is an absolute, unconditional and continuing guaranty of the full and punctual payment and performance of the Obligations and not of their collectibility only and is in no way conditioned upon any requirement that the Funds first attempt to collect any of the Obligations from the Debtor or resort to any security or other means of obtaining their payment. Should the Debtor default in the payment or performance of any of the Obligations, the obligations of the Guarantor hereunder shall become immediately due and payable to the s, without demand or notice of any nature, all of which are expressly waived by the Guarantor. Payments by the Guarantor hereunder may be required by the Funds on any number of occasions.

2. <u>Guarantor's Agreement to Pay</u>. The Guarantor further agrees, as the principal obligor and not as a guarantor only, to pay to the Funds, on demand, all costs and expenses (including court costs and legal expenses) incurred or expended by the Funds in connection with the Obligations, this Guaranty and the enforcement thereof, together with interest on amounts recoverable under this Guaranty from the time such amounts become due until payment, at the rate per annum equal to that set forth in the Settlement Agreement provided, that if such interest exceeds the maximum amount permitted to be paid under applicable law, then such interest shall be reduced to such maximum permitted amount.

3. <u>Limited Guaranty</u>. The liability of the Guarantor hereunder shall be limited to the sums owed pursuant to the Agreement.

4. <u>Waiver by Guarantor; Funds' Freedom to Act</u>. The Guarantor agrees that the Obligations will be paid and performed strictly in accordance with their respective terms regardless of any law, regulation or order now or hereafter in effect in any jurisdiction affecting any of such terms or the rights of the Funds with respect thereto. The Guarantor waives presentment, demand, protest, notices of acceptance, notice of Obligations incurred and all other notices of any kind, all defenses which may be available by virtue of any valuation, stay, moratorium law or other similar law now or hereafter in effect, any right to require the marshaling of assets of the Debtor, and all suretyship defenses generally. Without limiting the generality of the foregoing, the Guarantor agrees to the provisions of any instrument evidencing, securing or otherwise executed in connection with

1

any Obligation and agrees that the obligations of the Guarantor hereunder shall not be released or discharged, in whole or in part, or otherwise affected by (i) the failure of the Funds to assert any claim or demand or to enforce any right or remedy against the Debtor; (ii) any extensions or renewals of any Obligation; (iii) any rescissions, waivers, amendments or modifications of any of the terms or provisions of any agreement evidencing, securing or otherwise executed in connection with any Obligation; (iv) the substitution or release of any entity primarily or secondarily liable for any Obligation; (v) the adequacy of any rights the Funds may have against any collateral or other means of obtaining repayment of the Obligations; (vi) the impairment of any collateral securing the Obligations, including without limitation the failure to perfect or preserve any rights the Funds might have in such collateral or the substitution, exchange, surrender, release, loss or destruction of any such collateral; or (vii) any other act or omission which might in any manner or to any extent vary the risk of the Guarantor or otherwise operate as a release or discharge of the Guarantor, all of which may be done without notice to the Guarantor.

     5.    <u>Unenforceability of Obligation Against Debtor</u>. If for any reason the Debtor has no legal existence or is under no legal obligation to discharge any of the Obligations, or if any of the Obligations have become irrecoverable from the Debtor by operation of law or for any other reason, this Guaranty shall nevertheless be binding on the Guarantor to the same extent as if the Guarantor at all times had been the principal obligor on all such Obligations. In the event that acceleration of the time for payment of the Obligations is stayed upon the insolvency, bankruptcy or reorganization of the Debtor, or for any other reason, all such amounts otherwise subject to acceleration under the terms of any agreement evidencing, securing or otherwise executed in connection with any Obligation shall be immediately due and payable by the Guarantor.

     6    <u>Subrogation; Subordination</u>. Until the payment and performance in full of all Obligations and any and all obligations of the Debtor to the Funds, the Guarantor shall not exercise any rights against the Debtor arising as a result of payment by the Guarantor hereunder, by way of subrogation or otherwise, and will not prove any claim in competition with the Funds or its affiliates in respect of any payment hereunder in bankruptcy or insolvency proceedings of any nature; the Guarantor will not claim any set-off or counterclaim against the Debtor in respect of any liability of the Guarantor to the Debtor; and the Guarantor waives any benefit of any right to participate in any collateral indebtedness of the Debtor now or hereafter held by the Guarantor and is hereby subordinated to the prior payment in full of the Obligations, provided that so long as no default in the payment or performance of the Obligations has occurred and is continuing, or no demand for payment of any of the Obligations has been made that remains unsatisfied, the Debtor may make, and the Guarantor may demand and accept, any scheduled payments of principal of and interest on such subordinated indebtedness in the accounts, at the rates and on the dates specified in such instruments, security or other writings as shall evidence such subordinated indebtedness. The Guarantor agrees that after the occurrence of any default in the payment or performance of the Obligations, the Guarantor will not demand, sue for or otherwise attempt to collect any such indebtedness of the Debtor to the Guarantor until the Obligations shall have been paid in full. If, notwithstanding the foregoing sentence, the Guarantor shall collect, enforce or receive any amounts in respect of such indebtedness, such amounts shall be collected, enforced and received by the Guarantor as trustee for the Funds and be paid over to the Funds on account of the Obligations without affecting in any

manner the liability of the Guarantor under the provisions of this Guaranty.

7.   Security; Set-off. At any time that, and for so long as Debtor is in default of the Obligations, Funds shall have, as security for the full and punctual payment and performance of the Guarantor's obligations hereunder, a continuing lien on and security interest in all securities or other property belonging to the Guarantor now or hereafter held by the Funds and in all deposits (general or special, time or demand, provisional or final) and other sums credited by or due from the Funds to the Guarantor or subject to withdrawal by the Guarantor; and regardless of the adequacy of any collateral or other means of obtaining repayment of the Obligations, the Funds is hereby authorized at any time and from time to time while Debtor is in default of the Obligations, without notice to the Guarantor (any such notice being expressly waived by the Guarantor) and to the fullest extent permitted by law, to set off and apply such deposits and other sums against the obligations of the Guarantor under this Guaranty, whether or not the Funds shall have made any demand under this Guaranty.

8.   Further Assurances. The Guarantor agrees that he/she will, from time to time at the request of the Funds, provide to the Funds his/her most recent audited and unaudited balance sheets, financial statements and related statements of income and changes in financial condition and such other information relating to the business and affairs of the Guarantor as the Funds may reasonably request, including federal income tax returns. The Guarantor also agrees to do all such things and execute all such documents, including financing statements, as the Funds may consider necessary or desirable to give full effect to this Guaranty and to perfect and preserve the rights and powers of the Funds hereunder.

9.   Successors and Assigns. This Guaranty shall be binding upon the Guarantor, its successors and assigns, and shall inure to the benefit of and be enforceable by the Funds and its successors, transferees and assigns. Without limiting the generality of the foregoing sentence, the Funds may assign or otherwise transfer any agreement or any note held by it evidencing, securing or otherwise executed in connection with the Obligations, or sell participations in any interest therein, to any other person or entity, and such other person or entity shall thereupon become vested, to the extent set forth in the agreement evidencing such assignment, transfer or participation, with a right in respect thereof granted to the Funds herein.

10.  Amendments and Waivers. No amendment or waiver of any provision of this Guaranty nor consent to any departure by the Guarantor therefrom shall be effective unless the same shall be in writing and signed by the Funds. No failure on the part of the Funds to exercise, and no delay in exercising, any right hereunder shall operate as a waiver thereof; nor shall any single or partial exercise of any right hereunder preclude any other or further exercise thereof or the exercise of any other right.

11. **Notices**. All notices and other communications called for hereunder shall be made in writing and, unless otherwise specifically provided herein, shall be deemed to have been duly made or given when delivered by hand or mailed first class mail postage prepaid or, in the case of telegraphic or telexed notice, when transmitted, answer back and received, Funds' counsel, Feinberg, Campbell & Zack, P.C., c/o Catherine M. Campbell, Esq., 177 Milk Street, Suite 300, Boston, MA 02109, or at such address as either may designate in writing.

12. **Governing Law; Consent to Jurisdiction**. This Guaranty is intended to take effect as a sealed instrument and shall be governed by, and construed in accordance with, the laws of the Commonwealth of Massachusetts. The Guarantor agrees that any suit for the enforcement of this Guaranty may be brought in the courts of the Commonwealth of Massachusetts or any Federal Court sitting therein and consents to the non-exclusive jurisdiction of such court and to service or process in any such suit being made upon the Guarantor by mail at the address specified in Section 11 hereof. The Guarantor hereby waives any objection that it may now or hereafter have to the venue of any suit or any such court or that such suit was brought in an inconvenient court.

13. **Miscellaneous**. This Guaranty constitutes the entire agreement of the parties with respect to the matters set forth herein. The rights and remedies herein provided are cumulative and not exclusive of any remedies provided by law or any other agreement, and this Guaranty shall be in addition to any other guaranty of the Obligations. The invalidity or unenforceability of any one or more sections of this Guaranty shall not affect the validity or enforceability of its remaining provisions. Captions are for the ease of reference only and shall not affect the meaning of the relevant provisions. The meanings of all defined terms used in this Guaranty shall be equally applicable to the singular and plural forms of the terms defined.

14. **Jury Waiver:** GUARANTOR AND FUNDS EACH HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY, AND AFTER AN OPPORTUNITY TO CONSULT WITH LEGAL COUNSEL, WAIVE ANY AND ALL RIGHTS TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING IN CONNECTION WITH THIS INSTRUMENT, THE OBLIGATIONS, IN ALL MATTERS CONTEMPLATED HEREBY AND DOCUMENTS EXECUTED IN CONNECTION HEREWITH. GUARANTOR CERTIFIES THAT NEITHER FUNDS NOR ANY OF ITS REPRESENTATIVES, AGENTS OR COUNSEL HAS REPRESENTED EXPRESSLY OR OTHERWISE, THAT FUNDS WOULD NOT IN THE EVENT OF ANY SUCH PROCEEDING, SEEK TO ENFORCE THIS WAIVER OF RIGHT TO TRIAL BY JURY.

IN WITNESS WHEREOF, the Guarantor has executed and delivered this Guaranty, or caused this Guaranty to be executed and delivered as of the date appearing on page one.

Witness:                                                Guarantor: John Pacheco

*/s/ Jamie K. Pacheco*                                  By: */s/ John Pacheco*

042491324 03/10/2004 8:53 AM
1022

The Commonwealth of Massachusetts
William Francis Galvin
Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512
Telephone: (617) 727-9640

FEE: $125.00

040087337

NOTE: PLEASE TYPE OR PRINT CLEARLY! INSTRUCTIONS ON OTHER SIDE.

# MASSACHUSETTS CORPORATION ANNUAL REPORT

Federal Identification No. **04-2491324**

1. The exact name of the corporation is: **Uni-Con Floors, Inc.**

2. Location of its principal office in Massachusetts: **2137A South Main Street**
   (number and street)
   **Fall River,** (city or town)    **MA** (state)    **02724** (zip)

   NOTE: If corporation is organized wholly to do business outside Massachusetts, state location of that office also:
   _____ (number & street)    _____ (city or town)    _____ (state)    _____ (zip)

3. Name & address of the Resident Agent, if any: _____ (name)
   _____ (number & street)    _____ (city or town)    _____ (zip)

4. Date of the end of the last fiscal year was: **12/31/03** (month)(day)(year)

5. Check here if the corporation stock is publicly traded: ☐

6. The capital stock of each class as of the end of its last fiscal year was:

| CLASS OF STOCK | PAR VALUE PER SHARE STATE IF NO PAR | TOTAL AUTHORIZED BY ARTICLES OF ORGANIZATION OR AMENDMENTS | | TOTAL ISSUED AND OUTSTANDING |
|---|---|---|---|---|
| | | Number of Shares | Total Par Value | Number of Shares |
| COMMON: | No Par | 100 | 0 | 100 |
| PREFERRED: | | | | |

7. State the names and addresses of the officers specified below and of all the directors of the corporation, and the date on which the term of office of each expires:

| OFFICERS | NAME | ADDRESS Number, Street, City or Town, State, Zip Code | EXPIRATION OF TERM |
|---|---|---|---|
| PRESIDENT | See Statement 1 | | |
| TREASURER | See Statement 1 | | |
| CLERK | See Statement 1 | | |
| DIRECTORS | Katherine L. Hebert | 6 Hebert Way Westport, MA 02790 | Meeting |
| | Kristine M. Weizman | 5 Granada Drive Westport, MA 02790 | |
| | Jamie Pacheco | 5 Granada Drive Westport, MA 02790 | |

I, the undersigned **Katherine L. Hebert**, being the **President** of the above-named corporation, in compliance with the General Laws, Chapter 156B, hereby certify that the above information is true and correct as of the dates shown. IN WITNESS WHEREOF AND UNDER PENALTIES OF PERJURY, I hereto sign my name on this _____ day of **March**, **2004**.

Signature: _____   Title: **President**
Contact Person: **Katherine L. Hebert**   Contact Person Telephone #: **(508) 6253974**

156bmcar 4/5/00

```
042491324  Uni-Con Floors, Inc.                                    3/10/2004  8:52 AM
04-2491324              Massachusetts Statements
FYE: 12/31/2003
```

### Statement 1 - Massachusetts Annual Report - Schedule of Officers

| Name | Position | Residential/Business Address | Expiration of term |
|---|---|---|---|
| Katherine L. Hebert | P | 6 Hebert Way | Until |
|  | P | Westport, MA 02790 |  |
| Kristine M. Weizman | T | 5 Granada Drive | Next |
|  | T | Westport, MA 02790 |  |
| Jaime Pacheco | C | 5 Granada Drive | Annual |
|  | C | Westport, MA 02790 |  |

1



0424913   3:10 PM
$1022
D F

Filing Fee: $125.00
Late Fee: $25.00

## The Commonwealth of Massachusetts
### William Francis Galvin
Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512

058062935

0424491324

**Annual Report for Domestic and Foreign Corporations**
(General Laws Chapter 156D Section 16.22; 950 CMR 133.56)

(1) The exact name of the corporation is: __Uni-Con Floors, Inc.__
(2) The corporation is organized under the laws of: __Massachusetts__
(3) The street address of the corporation's registered office in the commonwealth is:
   __PO Box 267   Fall River, MA   02724__   /2137A MAIN ST.
   (number, street, city or town, state, zip code)
(4) The name of the registered agent at the registered office is: __Kathy Hebert__
(5) The street address of the corporation's principal office is:
   __PO Box 267   Fall River, MA   02724__
   (number, street, city or town, state, zip code)
(6) Provide the name and business address of the corporation's board of directors and its president, treasurer and secretary, and if different, its chief executive officer and chief financial officer.

|  | NAME | ADDRESS |
|---|---|---|
| President: | See Statement 1 | |
| Treasurer: | See Statement 1 | |
| Secretary: | " | |
| Chief Executive Officer: | | |
| Chief Financial Officer: | | |
| Directors: | See Statement 1 | |

(7) Briefly describe the business of the corporation:
   __Commercial and Residential Flooring__

(8-9) The capital stock of each class and series

| CLASS OF STOCK | TOTAL AUTHORIZED BY ARTICLES OF ORGANIZATION OR AMENDMENTS Number of Shares | TOTAL ISSUED AND OUTSTANDING Number of Shares |
|---|---|---|
| COMMON: | 100 | 100 |
| PREFERRED: | | |

(10) Check if the stock of the corporation is publicly traded. ☐
(11) Date of the fiscal year end is: __12/31/2004__
   (month, day, year)

Signed by _____
(signature of authorized individual)

(Please check appropriate box)
☐ Chairman of the Board of Directors   ☐ Incorporator   ☒ Other Officer   ☐ Court Appointed Fiduciary

on this _____ day of __March__ of __2005__

156d1622 9/23/04

```
04340-?04  Uni-Con Floors, Inc.                                    3/3/2005  3:09 PM
04-2491324                  Massachusetts Statements
FYE: 12/31/2004
```

### Statement 1 - Annual Report - Officers and Directors

| Position | Name and Address |
|---|---|
| P | Katherine L. Hebert  6 Hebert Way |
| P | Westport, MA 02790 |
| T | Kristine M. Weizman  5 Granada Drive |
| T | Westport, MA 02790 |
| D | Katherine L. Hebert  6 Hebert Way |
| D | Westport, MA 02790 |
| D | Kristine M. Weizman  5 Granada Drive |
| D | Westport, MA 02790 |
| D | Jamie Pacheco  5 Granada Drive |
| D | Westport, MA 02790 |

1

042837463 06/07/2004 10:54 AM
1022

The Commonwealth of Massachusetts
William Francis Galvin
Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512
Telephone: (617) 727-9640

FEE: $125.00

040094535

NOTE: PLEASE TYPE OR PRINT CLEARLY! INSTRUCTIONS ON OTHER SIDE.

# MASSACHUSETTS CORPORATION ANNUAL REPORT

Federal Identification No. 04-2837463

1. The exact name of the corporation is: **American Floor Covering, Inc.**

2. Location of its principal office in Massachusetts: **2137A South Main Street**
   (number and street)
   **Fall River,**           **MA**           **02724**
   (city or town)            (state)           (zip)

NOTE: If corporation is organized wholly to do business outside Massachusetts, state location of that office also:

_____ _____ _____ _____
(number & street)        (city or town)           (state)                  (zip)

3. Name & address of the Resident Agent, if any: _____
   (name)

_____ _____ _____
(number & street)        (city or town)           (zip)

4. Date of the end of the last fiscal year was: **3/31/04**
   (month) (day) (year)

5. Check here if the corporation stock is publicly traded: ☐

6. The capital stock of each class as of the end of its last fiscal year was:

| CLASS OF STOCK | PAR VALUE PER SHARE STATE IF NO PAR | TOTAL AUTHORIZED BY ARTICLES OF ORGANIZATION OR AMENDMENTS | | TOTAL ISSUED AND OUTSTANDING |
|---|---|---|---|---|
| | | Number of Shares | Total Par Value | Number of Shares |
| COMMON: | No Par Value | 15,000 | 0 | 1,000 |
| PREFERRED: | | | | |

7. State the names and addresses of the officers specified below and of all the directors of the corporation, and the date on which the term of office of each expires:

| OFFICERS | NAME | ADDRESS Number, Street, City or Town, State, Zip Code | EXPIRATION OF TERM |
|---|---|---|---|
| PRESIDENT | See Statement 1 | | |
| TREASURER | See Statement 1 | | |
| CLERK | See Statement 1 | | |
| DIRECTORS | John A. Pacheco | 5 Granada Drive Westport, MA 02790 | Meeting |

I, the undersigned **John A. Pacheco**, being the **President** of the above-named corporation, in compliance with the General Laws, Chapter 156B, hereby certify that the above information is true and correct as of the dates shown. IN WITNESS WHEREOF AND UNDER PENALTIES OF PERJURY, I hereto sign my name on this **14** day of **June**, **2004**.

Signature: *John A. Pacheco*    Title: **President**
Contact Person: **Katherine L. Hebert**    Contact Person Telephone #: **508-675-3974**

156bmcar 4/5/00

| 042837463  American Floor Covering, Inc. | | | 6/7/2004 11:45 AM |
|---|---|---|---|
| 04-2837463 | **Massachusetts Statements** | | |
| FYE: 3/31/2004 | | | |

### Statement 1 - Massachusetts Annual Report - Schedule of Officers

| Name | Position | Residential/Business Address | Expiration of term |
|---|---|---|---|
| John A. Pacheco | P<br>P | 5 Granada Drive<br>Westport, MA 02790 | Until |
| John A. Pacheco | T<br>T | 5 Granada Drive<br>Westport, MA 02790 | Next |
| John A. Pacheco | C<br>C | 5 Granada Drive<br>Westport, MA 02790 | Annual |

1