UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNI-CON FLOORS, INC., <br> Plaintiff, <br><br> v. <br><br> BRICKLAYERS & ALLIED CRAFTSMEN UNION, LOCAL 3 – EASTERN MASSACHUSETTS, <br> Defendant. | C. A. No. 05-10463 NG |

## MEMORANDUM OF LAW IN SUPPORT OF COLONIAL SURETY CO.'S MOTION TO INTERVENE

NOW COMES Colonial Surety Co.[1] ("Colonial") and hereby presents this Memorandum Of Law In Support Of Colonial Surety Co.'s Motion To Intervene.

### INTRODUCTION AND FACTS

The within matter between the original parties Uni-Con Floors, Inc. ("Uni-Con"), as Plaintiff, and Bricklayers & Allied Craftsmen Union, Local 3 – Eastern Massachusetts ("Local 3"), as Defendant, relates to a construction project dispute at the Dartmouth Campus of the University of Massachusetts ("Dartmouth Campus Project") that was resolved at arbitration in favor of Local 3. Uni-Con sought to vacate the arbitration decision through the present action, however, on May 9, 2006, this Court issued a Judgment in favor of Local 3, which, in essence, upheld the decision of the Arbitration Board. Colonial was not a party to the arbitration as it had no interest in the Dartmouth Campus Project. Apparently, Uni-Con owes Local 3 an indeterminate amount as a result of Uni-Con's breach of a labor agreement on the Dartmouth Campus Project.

---

[1] Colonial Surety Co. is a Pennsylvania business corporation, registered with the Massachusetts Commissioner of Insurance, and having a principal place of business located in Montvale, New Jersey.

Local 3 now seeks to attach certain funds allegedly due Uni-Con, as subcontractor, from Bacon Construction Co., Inc. ("Bacon"), as general contractor, on the New Bridgewater-Raynham Regional High School Project ("School District Project"). Local 3 has also named the Bridgewater-Raynham Regional School District ("School District") as a Trustee that may be holding funds allegedly due Uni-Con pursuant to Uni-Con's subcontract with Bacon on the School District Project. On or about September 15, 2006, Uni-Con was declared to be in default of its subcontract with Bacon for the School District Project. As of September 18, 2006, Uni-Con's subcontract with Bacon had a value of $1,010,167.51 for which Uni-Con had been paid $634,605.64, leaving a balance of $375,561.87. On September 29, 2006 Bacon terminated Uni-Con. Colonial is the surety for Uni-Con on the School District Project and has, pursuant to Colonial's performance bond, taken over the completion of Uni-Con's subcontractual obligations. As such, Colonial has priority subrogation rights to any funds that may be due Uni-Con for work on the School District Project and said subrogation rights are superior to those asserted by Local 3. <u>American Fire & Casualty Co. v. First National City Bank Of New York</u>, 411 F.2d 755 (1st Cir. 1969).

## STANDARD FOR INTERVENTION

In order to intervene pursuant to Fed. R. Civ. P. Rule 24(a), without statutory authorization, "an applicant must make a timely application and satisfy all three of the following criteria in order to qualify for intervention of right:

1. The applicant must have an interest in the subject matter of the litigation;

2. Absent intervention, the applicant's interest will be impaired or impeded; and

3. The existing parties to the action inadequately represent the applicant's interests."

2

6-24 E. J. Brunet, Moore's Federal Practice – Civil § 24.03 (2006). Thus, before passing upon the three part test for intervention, the Court must first determine whether the application is timely.

**I.      Colonial's Motion Is Timely.**

With regard to the timeliness of a motion to intervene, the First Circuit has held that a court must consider the following four factors:

1. The length of time the applicant knew or reasonably should have known that its interest was imperiled before it moved to intervene;
2. The foreseeable prejudice to the existing parties if intervention is granted;
3. The foreseeable prejudice to the applicant if intervention is denied; and
4. Idiocratic circumstances which, fairly viewed, militate for or against intervention.

Banco Popular De Puerto Rico v. Greenblatt, 964 F.2d 1227, 1231 (1st Cir. 1992).

Colonial was not a party to the underlying arbitration and had no interest in this action through the entry of judgment against Uni-Con. Colonial's interest in this action did not arise until September 15, 2006 when Bacon declared Uni-Con, Colonial's principal, in default of its subcontract. After evaluating the status of Uni-Con's work on the School District Project and commencing the process of hiring a replacement contractor, which actions had to be taken immediately to limit damages already incurred by Uni-Con's default, Colonial promptly sought to protect its interests here.

As judgment has already issued and Colonial does not seek to disturb same, neither Uni-Con nor Local 3 will be prejudiced by Colonial's limited intervention, which merely serves to preserve Colonial's subrogation rights to any funds due to Uni-Con for work on the School District Project. Colonial's limited intervention will not in any way prejudice Uni-Con or Local 3 because, as discussed below, Colonial clearly has a superior right to the remaining proceeds of Uni-Con's subcontract, as Colonial is the

party performing that work, which will undoubtedly cost more than the balance remaining on Uni-Con's subcontract.

Should the Court deny Colonial's Motion To Intervene, Colonial will be substantially prejudiced. As Uni-Con has not objected to Local 3's effort to name the School District and Bacon as Trustees, the Court will almost certainly grant Local 3's Motion absent an objection by Colonial. In that scenario, neither the School District nor Bacon will be permitted to pay Colonial moneys due Uni-Con, despite Colonial's superior right to same. Clearly, Colonial will be prejudiced by such a course of events as it will not have the benefit of those funds to offset the additional costs of mobilizing a replacement contractor necessary to complete the School District Project. Furthermore, Colonial will also have to commence a new action against Local 3 to protect its superior interest to said funds, all of which will be at great expense, and indeed prejudice, to Colonial.

Finally, the Court must balance any exceptional circumstances that weigh in favor of or against granting intervention. Although granting intervention post-judgment is generally disfavored, 6-24 E. J. Brunet, Moore's Federal Practice – Civil § 24.21 [2] (2006), "post-judgment intervention may be permitted when the prospective intervener's interest did not arise until the appellate stage or when intervention would not unduly prejudice the existing parties." Id. at § 24.21 [2]. See also McDonald v. E. J. Lavino Co., 430 F.2d 1065 (5th Cir. 1970) (surety's intervention immediately after entry of judgment and for limited purpose of protecting its subrogation interest in fund yet to be distributed, did not seek to reopen or relitigate previously determined issues, and thus, was not untimely). Here, Colonial's interest did not arise until Uni-Con defaulted on its

4

subcontract with Bacon, thus Colonial had no interest to protect. As the judgment in this action relates to Uni-Con's obligations on the Dartmouth Campus Project, for which Colonial had no role, said judgment will not be disturbed by Colonial's intervention, which is limited to protecting its interest in an altogether different project.

Colonial's subrogation rights as a surety performing the contractual obligation of its principal are superior to any claim Local 3 may have to funds due Uni-Con from its work on the School District Project. American Fire & Casualty Co., 411 F.2d at 758 (surety's claim to unpaid progress payments and retainage superior to claim of secured lender). "In competing with claims of others to the remaining contract funds, the surety may utilize its subrogation rights to the rights of others to obtain priority in the payment of the remaining contract funds." Edward G. Gallagher, The Law of Suretyship, at 26-12 (1993). When fairly viewed, these circumstances weigh in favor of finding Colonial's Motion To Intervene to be timely.

## II.     Colonial Meets The Three-Part Test For Intervention.

Although Colonial had no interest in the subject matter of this action, to wit, salary and benefits due union members as a result of Uni-Con's breach of a labor agreement covering the Dartmouth Campus Project, the subject matter has changed post-judgment with the filing of Local 3's Trustee Process Motion. Now that Local 3 seeks to attach funds due Uni-Con from a project separate and apart from the initial subject matter of this action, coupled with Uni-Con's default on the School District Project for which Colonial is the surety, Colonial clearly has a present interest in the subject matter of this action. As Uni-Con's surety for the School District Project, Colonial is obligated to either pay appropriate claims against Uni-Con, up to the penal sum of its bond and perform

Uni-Con's remaining obligations under its subcontract with Bacon. Colonial has elected to complete Uni-Con's work, and as such, is now subrogated to other Project-related claims against Uni-Con, and thus has a substantial interest in the funds Local 3 seeks to attach.

As discussed above, if Colonial is not permitted to intervene, its ability to protect its interest, in what has recently become the subject matter of this action, will be greatly impaired. Uni-Con has, for all intents and purposes, gone out of business and is, apparently, no longer defending itself in this action. Even though Uni-Con has an interest in objecting to Local 3's Trustee Process Motion because it, along with its principals, may later have to indemnify Colonial, Uni-Con has not objected or otherwise responded to the Trustee Process Motion. Colonial has an undisputed property interest in the current subject matter of this action, and Uni-Con, despite having good cause to do so, has made no effort to protect Colonial's interest.

Colonial must be permitted to intervene as a matter of right for the limited purpose of objecting to Local 3's Trustee Process Motion as Colonial has an interest in the present subject matter of this action. Colonial's ability to protect that interest will be greatly impaired absent intervention, and no other party is adequately representing Colonial's interest.

## **CONCLUSION**

WHEREFORE, Colonial Surety Co. request that it be permitted to intervene in the above matter for the limited purpose of protecting its subrogation rights to the funds Local 3 seeks to attach through the Trustee Process Motion; and/or such other relief as the Court deems just and proper.

COLONIAL SURETY COMPANY.
By its attorney,

_____
Francis A. Shannon, III, Esq.
BBO # 560651
Shannon Law Associates, Inc.
One Bowdoin Square, 9th Floor
Boston, MA  02114
(617) 263-1313

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I served a true copy of the above document upon the following parties by first class mail, postage prepaid, this 04 day of October, 2006:

| | |
|---|---|
| Jonathan M. Conti, Esq. | David M. Fleury, Esq. |
| Feinberg, Campbell & Zack, P.C. | Carmichale & Zajac, P.C. |
| 177 Milk Street | 170 High Street |
| Boston, MA 02109 | Taunton, MA 02780 |

_____
Francis A. Shannon, III, Esq.

1606:018:memointervene