UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
UNI-CON FLOORS, INC.,       )
    Plaintiff,         )
                )
  v.              )
                )  C.A. No.: 05-10463-NG
BRICKLAYERS & ALLIED CRAFTSMEN )
UNION, LOCAL 3 - EASTERN     )
MASSACHUSETTS,         )
    Defendant.        )
_____)

SOROKIN, M.J.

### ORDER ON MOTION TO INTERVENE (DOCKET #33) AND MOTION FOR APPROVAL OF TRUSTEE PROCESS AND REQUEST FOR INJUNCTIVE RELIEF (DOCKET # 31)

In the above-entitled action, Plaintiff Uni-Con sought an order vacating an arbitration decision finding that it violated a collective bargaining agreement to which it was bound. Judgment entered in favor of Defendant Bricklayers and Allied Craftsman Union Local 3 - Eastern Massachusetts (Bricklayers), and against Uni-Con, on May 9, 2006. (Docket #30).

Pending before the Court are two post-judgment motions. Colonial Surety Co. (Colonial) has moved pursuant to Fed. R. Civ. P. 24 to intervene for the limited purpose of protecting its subrogation rights as surety to Uni-Con on an unrelated contract. (Docket # 33). Neither Uni-Con nor Bricklayers has opposed its motion. The motion to intervene is therefore ALLOWED, as unopposed.

Additionally, Bricklayers has moved for approval of trustee process of specific accounts receivable of Uni-Con in the amount of $192,103.00. (Docket #31). Intervenor Colonial has opposed this motion. (Docket #36). Uni-Con has not opposed the motion.

Bricklayers represents in its filings that Uni-Con entered into a subcontract with Bacon

Construction Company to perform work on the new Bridgewater-Raynham Regional High School ("the project").  Bricklayers seeks an order (1) approving trustee process to attach funds held by Proposed Trustees Bridgewater-Raynham Regional School District and/or Bacon Construction Company for work performed by Uni-Con on the project; and, (2) enjoining the Proposed Trustees from alienating, assigning, transferring or encumbering money owed to Uni-Con for work performed on the project.

Colonial represents in its filings that Uni-Con has defaulted on the subcontract under the project, and that Bacon Construction terminated the subcontract with Uni-Con on September 29, 2006.  Colonial further represents that it stands as surety for Uni-Con and is obligated to perform the remaining work under the subcontract.  Colonial asserts that it therefore has first priority subrogation rights to any funds which become due to Uni-Con, and that those rights are superior to those of Bricklayers as Uni-Con's judgment creditor.  Bricklayers, argues Colonial, merely stands in the shoes of Uni-Con when seeking funds from Bacon or the School District while it stands in the shoes of the general contractor.  Having defaulted, it argues, Uni-Con is entitled to nothing.   Bricklayers has made no response to Colonial's assertions.

In the face of the unrebutted assertions that no funds are owed Uni-Con and that any funds owed belong first to Colonial, Bricklayers' motion for trustee process and injunctive relief is DENIED, without prejudice.

ORDERED: Colonial's Motion to Intervene (Docket #33) is ALLOWED as unopposed. Bricklayers' Motion for Trustee Process and Request for Injunctive Relief (Docket #31) is DENIED, without prejudice.

                                                /s/ Leo T. Sorokin  
                                                Leo T. Sorokin  
                                                United States Magistrate Judge

Case 1:05-cv-10463-NG    Document 39    Filed 11/08/2006    Page 3 of 3