UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

———————————————————— )
UNI-CON FLOORS, INC.                              )
               Plaintiff,                         )
                             )
v.                                                )     C.A. No.:  05-10463 NG
                                                  )
BRICKLAYERS & ALLIED CRAFTSMEN )
UNION, LOCAL 3 – EASTERN               )
MASSACHUSETTS                              )
               Defendant.                     )
———————————————————— )

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO ATTACH PERSONAL PROPERTY

Defendant, Bricklayers and Allied Craftsmen Local No. 3—Eastern Massachusetts ("Local 3" or "Union"), moves the Court to attach the personal property owned by Plaintiff Uni-Con Floors, Inc. ("Uni-Con") at 2137 South Main Street, Fall River, Massachusetts in Bristol County.  Federal Rule of Civil Procedure 69 provides that the procedure in aid of judgment "shall be in accordance with the practice and procedure of the state in which the district court is held." Massachusetts Rule of Civil Procedure 4.1 states that goods and chattels "may be attached and held to satisfy the judgment for damages the plaintiff [1]  may recover."

Pursuant to Massachusetts Rule of Civil Procedure 4.1(c), a motion to attach should be approved upon a finding by the court that "there is a reasonable likelihood that plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment over and above any liability insurance shown by the defendant to be available to satisfy the judgment."

---

[1] Plaintiff Uni-Con filed a Motion to Vacate an Arbitration Award, and Defendant Local 3 cross-moved to enforce the Arbitration Award.  This Court ruled in Defendant's favor on May 9, 2006, so Defendant is moving to attach Plaintiff's property.

A Judgment was entered by this Court in the above case in favor of Defendant Local 3 and against Plaintiff Uni-Con on May 9, 2006, enforcing an Award from the Arbitration Board that ruled in favor of Defendant Local 3.  (Affidavit of Charles Raso, ¶ 3).

Local 3 is the authorized collective bargaining representative for marble masons, tile layers, terrazzo mechanics, and marble, tile, and terrazzo finishers in eastern Massachusetts.  (Raso Aff., ¶ 4).  Local 3 and the Marble, Tile and Terrazzo Contractors Association of Massachusetts are parties to a collective bargaining agreement with effective dates of January 1, 2003 to July 31, 2007.  Plaintiff Uni-Con is bound by the agreement by virtue of its having signed an "Independent Agreement" on March 21, 2001.  (Raso Aff., ¶ 5).

Article XV of the agreement includes a grievance and arbitration provision for the handling of disputes over the interpretation of the agreement before an Arbitration Board.  Pursuant to Article XV, the Arbitration Board is made up of a committee of not more than six (6) individuals, consisting of three (3) members from the Union and three (3) members from the Marble, Tile and Terrazzo Contractors Association of Massachusetts.  Article XV of the agreement mandates that the Arbitrations Board's decisions are "final and binding" on both parties.  (Raso Aff., ¶ 6).

On January 25, 2005, a hearing was held before the Arbitration Board.  The Union presented evidence that Uni-Con violated Article I, Section 3 of the agreement by utilizing American Floor Covering, Inc., to perform certain tile work at the University of Massachusetts-Dartmouth project, and that John Pacheco was the principal officer of American Floor Covering, Inc., and was the same individual who was the principal officer of Uni-Con Floors, Inc.  (Raso Aff., ¶ 7).

After considering the evidence presented, the Arbitration Board unanimously found that Uni-Con was in violation of Article I, Section 3 of the agreement, and that Uni-Con intentionally evaded the terms, requirements, and provisions of the agreement by utilizing American Floor

Covering, Inc., to perform the work covered by the agreement. Pursuant to Article I, Section 3(3) of the agreement, the Arbitration Board ordered as its remedy that Uni-Con:

> (1)    Immediately cease and desist the use of American Floor Covering, Inc., to perform work covered by the collective bargaining agreement on the University of Massachusetts Dartmouth project;
> (2)    Pay to employees who would have been referred to the job by the Union the equivalent of wages lost by such employees as a result of the violation engaged in by Uni-Con Floors, Inc.; and
> (3)    Pay into the affected joint Trust Funds established under the collective bargaining agreement any delinquent contributions to such Fund which have resulted from Uni-Con Floors, Inc.'s violation. (Raso Aff., ¶ 8).

The Arbitration Board's Award provided that "if it is necessary for the Union and/or the Trustees of the joint Trust Funds to institute court action to enforce this Award or to successfully defend an action by Uni-Con Floors, Inc., to vacate this Award, Uni-Con Floors, Inc. shall pay any accountants' and attorneys' fees incurred by the Union and/or Fund Trustees, plus the cost of litigation, which may occur as a result of the court action." (Raso Aff., ¶ 9).

On March 10, 2005, Plaintiff filed a Complaint seeking to vacate the Arbitration Board's Award (Raso Aff., ¶ 10), and on November 16, 2005, Defendant filed a Motion for Summary Judgment, seeking to have Plaintiff's Complaint to vacate the Arbitration Board's Award dismissed, and to enforce the Arbitration Board's Award. (Raso Aff., ¶ 11).

On April 19, 2006, Magistrate Judge Leo T. Sorokin issued a Report and Recommendation to grant Local 3's Motion for Summary Judgment, and on May 8, 2006, United States District Court Judge Nancy Gertner issued an Order granting Local 3's Motion for Summary Judgment and thereby enforcing the Arbitration Board's Award. (Raso Aff., ¶ 12). In ruling in the Union's favor, the Court stated the Arbitration Board had "more than a 'plausible basis' for its interpretation of the collective bargaining agreement," and, therefore, the "narrow scope of judicial review" required that the Arbitration Award be enforced.

As a result, on May 9, 2006, Hon. Judge Gertner issued a Judgment in favor of Defendant and thereby dismissed Plaintiff's action to vacate the Arbitration Board's Award.  (Raso Aff., ¶ 13).

Following the Court's issuance of Judgment, Local 3 served a post-judgment Request for Production of Documents upon Plaintiff Uni-Con as well as on American Floor Covering, Inc., the company the Arbitration Board found Uni-Con deliberately employed to circumvent its obligations under its collective bargaining agreement with Local 3, requesting documents related to work performed by American Floor Covering, Inc., on the University of Massachusetts-Dartmouth project (hereinafter referred to as the "UMass-Dartmouth project").  (Raso Aff., ¶ 14).

In August 2006, Uni-Con and American Floor Covering, Inc., in response to Defendant's Request for Production of Documents, provided certified payroll records for American Floor Covering's work on the UMass-Dartmouth project.  (Raso Aff., ¶ 15).  The certified payroll records established that between November 2004 and July 2005, American Floor Covering, Inc.'s employees worked 2330 hours performing the work of "tile setters" and 1310 hours performing the work of "tile finishers" on the UMass-Dartmouth project.  (Raso Aff., ¶ 16).  The certified payroll records also established that between November 1, 2004 and April 30, 2005, Local 3 tile setters would have earned $53.42 per hour in wages and benefits, while Local 3 tile finishers would have received $45.31 in wages and benefits per hour had they been properly assigned to perform the work on the UMass-Dartmouth project.  (Raso Aff., ¶ 17).

The collective bargaining agreement between Local 3 and Uni-Con Floors provides that between May 1, 2005 and July 31, 2005, Local 3 tile setters would have earned $54.84 in wages and benefits per hour, and Local 3 tile finishers would have received $46.46 per hour in wages and benefits to perform work on the UMass-Dartmouth project.  (Raso Aff., ¶ 18).  Thus, had Plaintiff not used American Floor Covering, Inc. to perform the tile work on the UMass-Dartmouth project

to avoid having to employ members of Local 3 pursuant to the terms of its collective bargaining agreement, Local 3's members would have worked a total of 3,640 hours and earned a total, in wages and fringe benefits, of $184,463.10.  (Raso Aff., ¶ 19).

In addition, Defendant's attorney's fees and costs in litigating this matter totaled $7,639.90. (Raso Aff., ¶ 20).

On January 16, 2007, Defendant filed a Motion for Entry of Order Judgment in the amount of $192,103.00, and filed a Declaration of Damages and supporting affidavits therewith.  Said Motion is currently pending.  (Raso Aff., ¶ 21).

Upon information and belief, Plaintiff is in the process of selling off its personal property and dissolving the company, and, upon information and belief, there is no liability insurance which is available to satisfy a judgment in this matter, or any defense to this action.  (Raso Aff., ¶¶ 22, 23).

As the Court has already enforced the Arbitration Board's Award in favor of Defendant and against Plaintiff, and as there is a reasonable likelihood that the Court will grant Defendant's Motion for an Entry of Judgment in the amount of $192,103.00, Defendant respectfully requests that its Motion for Attachment be granted.

> Respectfully submitted,
> For Defendant
> Bricklayers and Allied Craftsmen
> Local 3—Eastern Massachusetts
>
> By its Attorney
>
> /s/ Jonathan M. Conti_____
> Jonathan M. Conti, BBO#657163
> Feinberg, Campbell & Zack, P.C.
> 177 Milk Street
> Boston, MA 02109
> (617) 338-1976

Dated this 26th day of January 2007.