UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNI-CON FLOORS, INC. | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.:  05-10463 NG |
| | ) | |
| BRICKLAYERS & ALLIED CRAFTSMEN | ) | |
| UNION, LOCAL 3 – EASTERN | ) | |
| MASSACHUSETTS | ) | |
| Defendant. | ) | |

**AFFIDAVIT OF CHARLES RASO IN SUPPORT OF DEFENDANT'S MOTION FOR APPROVAL OF ATTACHMENT OF PERSONAL PROPERTY**

Charles Raso deposes and states as follows:

1. My name is Charles Raso. I am President/Secretary Treasurer of Bricklayers and Allied Craftsmen Local No. 3—Eastern Massachusetts ("Local 3" or "Union"). My office is located at 550 Medford Street, Charlestown, Massachusetts 02129. As President/Secretary-Treasurer, I am responsible for the day-to-day administration of Local 3, including the maintenance and oversight of all its activities.

2. I am also union co-chair of the Arbitration Board (hereinafter referred to as "Arbitration Board"). Therefore, I am familiar with the collective bargaining agreements of Local 3 and the Award issued by the Arbitration Board.

3. A Judgment was entered by this Court in the above case in favor of Defendant Local 3 and against Plaintiff Uni-Con Floors, Inc. ("Uni-Con") on May 9, 2006, enforcing an Award from the Arbitration Board that ruled in favor of Defendant Local 3.

4. Bricklayers and Allied Craftsmen Local No. 3—Eastern Massachusetts, is the authorized collective bargaining representative for marble masons, tile layers, terrazzo mechanics, and marble, tile, and terrazzo finishers in eastern Massachusetts.

5. Local 3 and the Marble, Tile and Terrazzo Contractors Association of Massachusetts are parties to a collective bargaining agreement with effective dates of January 1, 2003 to July 31, 2007. Plaintiff Uni-Con is bound by the agreement by virtue of its having signed an "Independent Agreement" on March 21, 2001.

6. Article XV of the agreement includes a grievance and arbitration provision for the handling of disputes over the interpretation of the agreement before an Arbitration Board. Pursuant to Article XV, the Arbitration Board is made up of a committee of not more than six (6) individuals, consisting of three (3) members from the Union and three (3) members from the Marble, Tile and Terrazzo Contractors Association of Massachusetts. Article XV of the agreement mandates that the Arbitrations Board's decisions are "final and binding" on both parties.

7. On January 25, 2005, a hearing was held before the Arbitration Board. The Union presented evidence that Uni-Con violated Article I, Section 3 of the agreement by utilizing American Floor Covering, Inc., to perform certain tile work at the University of Massachusetts-Dartmouth project, and that John Pacheco was the principal officer of American Floor Covering, Inc., and was the same individual who was the principal officer of Uni-Con Floors, Inc.

8. After considering the evidence presented, the Arbitration Board unanimously found that Uni-Con was in violation of Article I, Section 3 of the agreement, and that Uni-Con intentionally evaded the terms, requirements, and provisions of the agreement by utilizing American Floor Covering, Inc., to perform the work covered by the agreement. Pursuant to Article I, Section 3(3) of the agreement, the Arbitration Board ordered as its remedy that Uni-Con:

   (1) Immediately cease and desist the use of American Floor Covering, Inc., to perform work covered by the collective bargaining agreement on the University of Massachusetts Dartmouth project;
   (2) Pay to employees who would have been referred to the job by the Union the equivalent of wages lost by such employees as a result of the violation engaged in by Uni-Con Floors, Inc.; and
   (3) Pay into the affected joint Trust Funds established under the collective bargaining agreement any delinquent contributions to such Fund which have resulted from Uni-Con Floors, Inc.'s violation.

9. The Arbitration Board's Award provides that "if it is necessary for the Union and/or the Trustees of the joint Trust Funds to institute court action to enforce this Award or to successfully defend an action by Uni-Con Floors, Inc., to vacate this Award, Uni-Con Floors, Inc. shall pay any accountants' and attorneys' fees incurred by the Union and/or Fund Trustees, plus the cost of litigation, which may occur as a result of the court action."

10. On March 10, 2005, Uni-Con filed a Complaint seeking to vacate the Arbitration Board's Award.

11. On November 16, 2005, Local 3 filed a Motion for Summary Judgment, seeking to have Uni-Con's Complaint to vacate the Arbitration Board's Award dismissed, and to enforce the Arbitration Board's Award.

12. On April 19, 2006, Magistrate Judge Leo T. Sorokin issued a Report and Recommendation to grant Local 3's Motion for Summary Judgment, and on May 8, 2006, United States District Court Judge Nancy Gertner issued an Order granting Local 3's Motion for Summary Judgment, thereby enforcing the Arbitration Board's Award against Uni-Con.

13. On May 9, 2006, Hon. Judge Gertner issued a Judgment in favor of Local 3 and thereby dismissed Uni-Con's action to vacate the Arbitration Board's Award.

14. Local 3 served a post-judgment Request for Production of Documents upon Plaintiff Uni-Con as well as on American Floor Covering, Inc., the company the Arbitration Board found Uni-Con deliberately employed to circumvent its obligations under its collective bargaining agreement with Local 3, requesting documents related to work performed by American Floor Covering, Inc., on the University of Massachusetts-Dartmouth project (hereinafter referred to as the "UMass-Dartmouth project").

15. In August 2006, Uni-Con and American Floor Covering, Inc., in response to Local 3's Request for Production of Documents, provided certified payroll records for American Floor Covering's work on the UMass-Dartmouth project.

16. The certified payroll records established that between November 2004 and July 2005, American Floor Covering, Inc.'s employees worked 2330 hours performing the work of "tile setters" and 1310 hours performing the work of "tile finishers" on the UMass-Dartmouth project.

17. The certified payroll records established that between November 1, 2004 and April 30, 2005, Local 3 tile setters would have earned $53.42 per hour in wages and benefits, while Local 3 tile finishers would have received $45.31 in wages and benefits per hour had they been properly assigned to perform the work on the UMass-Dartmouth project.

18. The collective bargaining agreement between Local 3 and Uni-Con Floors provides that between May 1, 2005 and July 31, 2005, Local 3 tile setters would have earned $54.84 in wages and benefits per hour, and Local 3 tile finishers would have received $46.46 per hour in wages and benefits to perform work on the UMass-Dartmouth project.

19. Had Uni-Con not used American Floor Covering, Inc. to perform the tile work on the UMass-Dartmouth project to avoid having to employ members of Local 3 pursuant to the terms of its collective bargaining agreement, Local 3's members would have worked a total of 3,640 hours and earned a total, in wages and fringe benefits, of $184,463.10.

20. Local 3's attorney's fees and costs in litigating this matter total $7,639.90. On January 16, 2007, Local 3 filed a Motion for Entry of Order Judgment in the amount of $192,103.00, and I submitted an affidavit concerning a Declaration of Damages in support of that Motion. That Motion is currently pending before the Court.

21. Upon information and belief, Uni-Con is in the process of selling off its personal property and dissolving the company.

22. I know of no liability insurance which is available to satisfy a judgment in this matter, or any defense to this action.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 26th DAY OF JANUARY, 2007.

/s/ Charles Raso
Charles Raso